**In re Janet WALDREP d/b/a Jeanette's Restaurant.**

**Bankruptcy No. 5–80–01258 E.**

United States Bankruptcy Court, W. D. Texas, San Antonio Division.

April 29, 1982.

Victor Speert, San Antonio, Tex., for debtor.

Claiborne B. Gregory, Jr., Gresham, Davis, Gregory, Worthy & Moore, San Antonio, Tex., for trustee.

Col. Charles A. Deason, San· Antonio, Tex., trustee.

## MEMORANDUM OPINION AND ORDER

JOSEPH C. ELLIOTT, Bankruptcy Judge.

On this date came on to be considered the Debtor's Motion to Dismiss Chapter 7 Proceedings in order to file a petition under Chapter 13 of the United States Bankruptcy Code.

On the 16th day of February, 1982, said Motion came on to be heard and at the hearing counsel appeared on behalf of the Chapter 7 Trustee, Charles A. Deason, and objected to Debtor's Motion.

In view of the file, the record of the case, and the testimony adduced at said hearing, the Court makes the following findings of fact and conclusions of law.

The Court finds the Debtor, Janet Waldrep, not joined by her husband, filed for relief under Chapter 13 of the United States Bankruptcy Code on the 18th day of September, 1980. An Order Confirming the Debtor's Chapter 13 Plan was entered on November 12, 1980 and provided for payments of $500.00 per month. The Debtor filed a Motion for Extension of Plan Payments on September 28, 1981, which was denied on the basis that the Debtor had been granted a prior extension of sixty days and was in arrears. Thereafter, on October 19, 1981, the Trustee in the Wage Earner Proceeding filed his Application to Dismiss the Wage Earner Proceeding and to Close Case, citing the Debtor's refusal to make regular and sufficient payments to the Trustee, thereby rendering the Trustee unable to make payments to the creditors as scheduled in the Debtor's Wage Earner Plan. The Trustee's motion was deemed moot on November 23, 1981 by Order of this Court due to the Debtor's conversion of her Chapter 13 proceedings to Chapter 7 on October 26, 1981.

The Debtor is presently before the Court seeking the dismissal of her Chapter 7 and for leave of this Court to file a new petition under Chapter 13 and have her husband, Lloyd Waldrep, join her in the new Chapter 13 petition.

The notion of a fresh start for wage earner debtors is a fundamental concept under the Code. The history of bankruptcy legislation indicates to this Court a recognition by Congress that a critical prerequisite for ensuring a true fresh start for debtors was to formulate a procedural scheme which would engender between debtor and creditor a relationship of cooperation and confidence that would survive and continue beyond the bankruptcy.[1] The symbols

---

1. As stated in House Report No. 95–595, the revised "[c]hapter 13 ... protects a debtor's credit standing far better than a straight bankruptcy, because he is viewed by the credit industry as a better risk." Report of the Committee on the Judiciary, Bankruptcy Law Revision, H.R.Rep.No.595, 95th Cong., 1st Sess. 118 (1977) U.S.Code Cong. & Admin. News 1978, pp. 5787, 6079. "In addition, it satisfies many debtors' desire to avoid the stigma attached to straight bankruptcy and to retain the pride attendant on being able to meet one's obliga-

which served to stigmatize the debtor were replaced so that now a "debtor" seeks "relief" under the Code rather than being "adjudicated" a "bankrupt". Furthermore, the Code, in a somewhat therapeutic approach, allows the debtor greater control in fashioning relief by means of liberal repayment plans which will promote his rehabilitation and fresh start in the financial world.[2]

Nevertheless, the Code was never intended as a vehicle for promoting delay, whether resulting from inadvertence or by design, nor for incurring additional debt by constant extensions of Plan payments nor by the permitting of nonpayment and build up of arrearages while a case pends. For this Court to allow even an appearance of abuse would be a severe obstruction of those policies fundamental to the Code and would serve to revitalize the antagonism between debtor and creditor. To prevent such a regression, the Court shall assume a strict and critical stance towards any maneuvers or schemes which would have the effect of delaying a case, and the Court shall place a heavy burden upon the movant to demonstrate his good faith and the absolute necessity of his request. Such has been this Court's position in prior cases involving similar facts. *See In Re Goularte*, 20 B.R. 246 (Bkrtcy.W.D.Tex.1979).

■ The facts before this Court indicate an attempt to accomplish through indirect means what may not be accomplished directly. Section 706(a) precludes the use of successive conversion motions to enable a debtor to engage in endless circuity and forestall the repayment of creditors. Section 706(a) provides that "[t]he debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under section 1112 or 1307 of this title." It

is interesting to note that, while a debtor has an absolute right to request and obtain a dismissal of a Chapter 13 under Section 1307(b), no corresponding right exists under Chapter 7. Indeed, Section 707 permits dismissal only for cause, irrespective of who initiates the motion. 11 U.S.C.A. § 707 (West 1979).

■ A majority of reported cases are in agreement that when a Chapter 7 is voluntarily filed it may not be voluntarily dismissed, except by Order of the Court and for cause. *See e.g. In Re Reynolds*, 4 B.R. 703, 6 B.C.D. 575, 2 C.B.C.2d 505 (Bkrtcy.D.C.Me.1980); *In Re Blackmon*, 3 B.R. 167, 6 B.C.D. 66, B.L.R. (CCH) P. 67366 (Bkrtcy.S.D.Ohio 1980); *In Re Williams*, 15 B.R. 655, 8 B.C.D. 539 (E.D.Mo.1981). Furthermore, upon the request of a debtor for voluntary dismissal the more persuasive authority holds the Chapter 7 Trustee has standing to object on behalf of unsecured creditors who have not affirmed and consented to the dismissal. *See Gill v. Hall (In Re Hall)* 15 B.R. 913, 8 B.C.D. 566, 568 (Bkrtcy.App.C.D.Cal.1981); *In Re Blackmon*, 3 B.R. 167, 6 B.C.D. 66 (Bkrtcy.S.D.Ohio 1980).

The Debtor, Janet Waldrep, requests dismissal of her Chapter 7 case and to refile a Chapter 13 which would join her husband. Mrs. Waldrep asserts her husband is liable as a co-signer upon debts of Janet Waldrep.

■ The Debtor argues sufficient cause exists for dismissal since there may be some issue as to whether the husband, not a party to these proceedings, must submit his property interests to the Court's jurisdiction. The Court finds the Debtor's concern is not timely and should have been considered when Mrs. Waldrep filed her first Chapter 13 on September 18, 1980. Testimony was elicited from the husband, Lloyd

tions." Id., U.S.Code Cong. & Admin. News 1978, p. 6079.

2. "The purpose of chapter 13 is to enable an individual, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period." REPORT OF THE COMMITTEE ON THE JUDICIARY, BANKRUPTCY LAW REVI-

SION, H.R.Rep.No.595, 95th Cong., 1st Sess. 118, *reprinted* in [1978] U.S.Code Cong. Ad. News 5963, 6079. The debtor is given the exclusive right to propose a repayment plan. 11 U.S.C.A. § 1321 (West 1979). Furthermore, acceptance of the plan by creditors is not required for the plan to be confirmed. *See* 11 U.S.C.A. § 1325 (West 1979).

Waldrep, during the hearing on February 16, 1982 in which he admitted to participating in the funding of Janet Waldrep's original Chapter 13 Wage Earner Plan. Therefore, he was for all intents and purposes part of the original Chapter 13, so there is nothing to show how the same debts would be successfully repaid under the new Chapter 13. At this point, the creditors in this case have suffered enough delay and to prolong her case by allowing dismissal would prejudice creditors to an extent unacceptable to this Court.

It is, therefore, ORDERED, ADJUDGED AND DECREED:

That dismissal would cause prejudice to the creditors in that further delay of repayment is not in the creditor's best interests.

That the Debtor has failed to establish sufficient cause for the dismissal of these Chapter 7 proceedings.

That the Motion to Dismiss filed by the Debtor in the above styled and numbered cause should be, and the same is hereby, in all things DENIED.