**In re Richard and Mary Ann ROSS, Debtors.**

**Bankruptcy No. 882–80079–20.**

United States Bankruptcy Court, E. D. New York, at Westbury.

June 10, 1982.

Krohn, Rosenblum & Scharoff, Merrick, N. Y., for debtors; John P. Prozak, of counsel.

James Barr, New York City, Trustee by Daniel Gilden, New York City.

### MEMORANDUM AND ORDER

ROBERT JOHN HALL, Bankruptcy Judge.

Mary Ann Ross ("the debtor") moves this Court to dismiss her chapter 7 proceeding. Upon the objection of James Barr, the trustee, the motion is denied.

Richard and Mary Ross filed a voluntary joint petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. IV 1980), on 13 January 1982. Thereafter, the debtor discovered that she was to inherit sufficient funds to make herself solvent. Based thereon, she moved this Court on notice to all of the creditors to allow her to sever off and withdraw her petition. Only the trustee appeared in opposition at the 25 May 1982 hearing arguing that the discovery of assets is not sufficient "cause" to allow a debtor to withdraw his petition.

Section 707 controls the dismissal of a chapter 7 case and provides that such may only be for cause. 11 U.S.C. § 707.

The discovery of assets is not cause to dismiss such a proceeding. *In re Williams*, 15 B.R. 655 (E.D.Mo.1981); *In re Blackmon*, 3 B.R. 167 (Bkrtcy.S.D.Ohio 1980). If anything, it is grounds for retaining jurisdiction, *i.e.*, that creditors who perhaps expected to recover nothing on their claims may be assured of an equitable and full distribution of the debtor's newly discovered assets.

Finally, although there is authority to the contrary, *see, e.g., In re Jackson*, 7 B.R. 616 (Bkrtcy.E.D.Tenn.1980), the Court prefers the reasoning of *In re Hall*, 15 B.R. 913 (Bkrtcy.App. 9th Cir. 1981) for the proposition that the trustee, as the representative of the estate, 11 U.S.C. § 323, has standing to make this objection.

Accordingly, the motion is denied.

So Ordered.