**In the Matter of Glenn Lee BRYANT and Bettye Jean Bryant, Debtors.**

**Bankruptcy No. 82–10224.**

United States Bankruptcy Court, N.D. Indiana, Fort Wayne Division.

March 31, 1983.

Howard F. Hanson, Jr., Fort Wayne, Ind., for debtors.

Richard R. DeCamp, Fort Wayne, Ind., trustee.

Grant Shipley, Livingston, Dildine, Haynie & Yoder, Fort Wayne, Ind., for Intern. Harvester.

## ORDER

ROBERT K. RODIBAUGH, Bankruptcy Judge.

This matter is before the Court on Glenn Lee Bryant's motion to dismiss his voluntary Chapter 7 bankruptcy petition, which was filed on March 22, 1982. The debtor's wife, who had also filed a petition on March 22, 1982, has received her discharge and is not a party to this proceeding. Notice of a hearing on the motion was sent to creditors of debtor and a hearing was held on December 8, 1982. The trustee has objected to the dismissal. By the date of the hearing no creditor had objected. However, on January 24, 1983, a creditor filed an objection to dismissal. While this objection was filed after the time provided in the notice for the hearing, this creditor had not received the notice, since the debtor did not list this creditor on any schedules, matrix, or separate listing of creditors.

Prior to bankruptcy, the debtor had filed a civil suit in Allen County Superior Court against International Harvester Company for damages over the company's denial of the debtor's claim for S.U.B. pay. This suit is still pending. After filing his petition, the trustee and Harvester settled the S.U.B. claim, and Harvester has paid $4,181.79 to the trustee.

The debtor contends that, since no creditor had objected by the time of the hearing, bankruptcy law requires that the dismissal motion be granted. Further, the debtor argues that while the trustee is a party in interest, he is not a proper party to object to the dismissal of a petition where the debtor and creditors have consented other than for limited purposes, i.e., payment of costs and expenses.

The trustee says that under Bankruptcy Code Section 707 [1] the petition can be dismissed only for cause. Further, he contends that unless all creditors affirmatively consent to the dismissal the trustee does have standing to object to the dismissal. Trustee has funds available to distribute to unsecured creditors. The trustee believes the creditors will be prejudiced by dismissal since there would be no guarantee that the money would be paid to the creditors.

The trustee also argues that Congress made it clear that the ability of a debtor to pay his creditors was not sufficient cause for dismissal. Finally, the trustee contends that the debtor has not presented sufficient cause for dismissal. The debtor states that he believes that the decision on his union's appeal of the S.U.B. pay claim enhances his civil suit against Harvester for damages. Thus the debtor believes dismissal is in his own and the creditors' best interest. The trustee says that this proposition is highly speculative.

At the hearing, an attorney for Harvester stated that because of the automatic stay the company had not yet been able to file its counterclaim in the civil suit along with its claim for attorney fees. Harvester believes it will prevail in the suit and that little money, if any, would be available to creditors.

The motion raises the following issues:

1) whether the Court must dismiss the case when no creditor had objected by the time of the hearing where the trustee has objected

2) whether the trustee has standing to object to the dismissal for other than limited reasons.

3) whether debtor has demonstrated cause sufficient to obtain dismissal.

Bankruptcy Code Section 707 provides that "the Court may dismiss a case under this chapter only after notice and a hearing and only for cause...." A few bankruptcy courts, in applying this section have said that a line of case law developed under the former Bankruptcy Act still states the law to the effect that a motion to dismiss must be granted where no creditor has objected and that the trustee can only object for limited purposes. See, In re Jackson, 7 B.R. 616 (Bkrtcy.E.D.Tenn.1980); In re Wirick, 3 B.R. 539 (Bkrtcy.E.D.Va.1980). These two cases cite basically the same pre-Code cases

---

1. 11 U.S.C.A. § 707 (West 1979).

to support their conclusions. *See, In re Salaberry,* 107 F. 95 (D.C.Cal.1901); *In re Riordan,* 95 F.2d 454 (7th Cir.1938); *In re Lavine,* 20 F.Supp. 362 (E.D.N.Y.1937); *In re Sig. H. Rosenblatt & Co.,* 193 F. 638 (2d Cir.1912).

On the other hand, the Bankruptcy Appellate Panel for the 9th Circuit has determined that it does not accept the limitation imposed on the trustee by certain pre-Code cases (those noted above) and has held that the intent of the Bankruptcy Reform Act is better served by granting the trustee an expanded role in the dismissal process. The Panel concluded that unless all creditors have affirmatively consented to dismissal, the trustee could properly object to dismissal. *In re Hall,* 15 B.R. 913 (Bkrtcy. 9th Cir.1981).

The *Hall* Court reasoned as follows. In both *In re Riordan, supra,* and *In re Lavine, supra,* all creditors of the debtor had submitted their written consent to the dismissal motion. In *In re Salaberry, supra,* the trustee had only objected for the purpose of securing his fees and costs. The ability of the trustee to object for other purposes was not in issue in *Salaberry.* [It also should be noted that the trustee had *not* objected to the dismissal in *Riordan.*] [Furthermore, although the Panel did not discuss it, the *Rosenblatt* case was also distinguishable on its facts. The debtors there had 191 creditors, of which all but four had affirmatively consented to dismissal. Debtors owed approximately $690,000 to creditors. Of the four that did not affirmatively consent, two could not come into Court without surrendering money they had attached in another country. The other two held a total debt of $239.71, and they had not objected to dismissal. The trustee was not involved. He had not objected to dismissal. Finally, this was an involuntary bankruptcy proceeding, and the motion to dismiss was brought by creditors.]

Further, the Court concluded that authority for the trustee to have standing to ob-

ject to dismissal could be inferred from the trustee's duty to collect and reduce to money property of the estate under Code Section 704(1)[2].

Finally, stating that one of the fundamental purposes of the Bankruptcy Reform Act was to remedy the breakdown in creditor control in supervision and directing the administration of the bankruptcy case, the Court concluded that it is the trustee who must bring to the court any possible arguments on behalf of unsecured creditors. The trustee represents the estate and the interests of creditors in suits on behalf of the estate. The trustee is better suited to weigh all the factors which might be relevant to the dismissal. Where a small, unsecured creditor may fail to recognize the ramifications of a dismissal, the trustee will be able to protect the creditor's interest. Numerous other courts have come to the same conclusion. *See, e.g., In re St. Laurent,* 17 B.R. 768 (Bkrtcy.D.Me.1982); *In re Ross,* 21 B.R. 5 (Bkrtcy.E.D.N.Y.1982); *In the Matter of Blackmon,* 3 B.R. 167 (Bkrtcy. S.D.Ohio 1980); *In re Waldrep,* 20 B.R. 248 (Bkrtcy.W.D.Tex.1982).

This Court believes that *Hall* represents the better reasoned approach in the application of Section 707. Further, the Court disagrees with the conclusions of the Court in *Wirick* that there was nothing in the Code to cause that Court to believe Congress had made any change in the law regarding dismissal in these circumstances from pre-Code law and that the addition of the words "only for cause" assumed that cause or lack thereof would be found only by the motion being contested by creditors.

Under the former Act dismissal of a liquidation case such as this one was controlled by Section 59g, which was codified at 11 U.S.C.A. § 95(g)[3] and Bankruptcy Rule of Procedure 120[4]. Section 95(g) provided:

(g) A voluntary or involuntary petition shall not be dismissed upon the application of the petitioner or petitioners, or for want of prosecution, or by consent of

---

2. 11 U.S.C.A. § 704(1) (West 1979).

3. 11 U.S.C.A. § 95(g) (West 1968).

4. Rules Bankr.Proc.Rule 120, 11 U.S.C.A.

parties, until after notice to the creditors as provided in section 94 of this title, and to that end the court shall, upon entertaining an application for dismissal, require the bankrupt to file a list, under oath, of all his creditors, with their addresses, shall cause such notice to be sent to the creditors of the pendency of such application and shall delay the hearing thereon for a reasonable time to allow all creditors and parties in interest an opportunity to be heard. If the bankrupt shall fail to file such list within the time fixed by the court, such list may be filed by the petitioning creditors according to the best of their knowledge, information, and belief: *Provided, however,* That in the case of a dismissal for failure to pay the costs of the bankruptcy proceedings, such notice of dismissal shall not be required.

Bankruptcy Rule 120 restates the necessity of notice and hearing as provided in Bankruptcy Rule 203(a).[5]

The language of Section 707 contains wording in two places that changes the statute regarding dismissal significantly from that under the prior Act. First, the Code provides that "the court *may* dismiss" (emphasis added). Thus the Code is clear that the Court plays an active role in the dismissal determination and that the decision is left to the discretion of the Court. Second, the Code adds to the requirement of notice and hearing that the case be dismissed *"only for cause"* (emphasis added). Thus the former Act focused only on notice and hearing. The Code adds to the requirements of notice and hearing the factors of the court's discretion and the necessity of debtor demonstrating cause. These additions clearly show that the Court is not *required* to dismiss merely because no creditor has objected. Further, it is often the trustee who is most informed about the specifics of the case. Accordingly, it is only logical that in a determination of whether or not cause exists the trustee should have standing to assist the Court in its duty. Consequently the pre-Code cases cited in *Jackson* and *Wirick* are no longer per-

suasive regarding the role of the trustee in the dismissal decision nor regarding the necessity of dismissal when no creditors object.

■ Accordingly, the Court concludes that it is not required to dismiss the case solely because no creditor had objected by the time of the hearing. Further, in accord with the decision in *Hall,* the Court concludes that where all creditors have not affirmatively consented to the dismissal, the trustee has standing to object. In fact, the Court is inclined to believe that because the Code imposes a duty on the Court to determine whether a debtor has shown cause, the trustee has standing to object even when all creditors have affirmatively consented. However, it is not necessary to decide this issue now and the Court declines to do so.

■ In addition, the Court finds that the objection filed by Indiana Insurance Company was timely filed, since the creditor was not sent the notice regarding the motion to dismiss and hearing mailed on November 16, 1982. The debtor is required to furnish the Court a list of all creditors for the purpose of this notice. *See,* Bankruptcy Rule of Procedure 120(a). No listing in this case provided by the debtor has included Indiana Insurance Company. Thus this case is not one in which all creditors have consented affirmatively or by indirection.

■ Finally, for the reasons given below, the Court concludes that the debtor has failed to sufficiently demonstrate that cause exists for dismissal in this case. The debtor stated that the decision of the Joint Board of International Harvester in the union's appeal of the company's decision not to pay S.U.B. benefit enhanced debtor's state court civil suit against Harvester. Though the debtor did not say so, he apparently believes that he can prevail in state court with a sufficient award to pay his creditors.

The evidence shows that debtor's belief that he and the creditors would be better off outside bankruptcy is very speculative

---

**5.** Rules Bankr.Proc.Rule 203(a), 11 U.S.C.A.

at this stage. Harvester indicated that it intends to file a counterclaim and seek attorney fees. It clearly seems prepared to pursue litigation. The debtor provided no further evidence as to why it can now expect to recover funds in the civil suit, which has not yet even been tried.

Further, Code Section 349 [6] would require that upon dismissal property of the estate revests in the entity in which such property was vested immediately before the commencement of the case under title 11. In this case that would mean that the $4,181.79 that the trustee is holding for distribution would go back to Harvester, since the decision of the Joint Board was rendered after the petition in bankruptcy was filed. The debtor would then have a claim against Harvester. There is no assurance that the creditors in the case would receive any payment from the money already collected, much less from any funds yet to be realized. Thus there clearly would be prejudice to creditors in dismissing this case. It would not be appropriate to dismiss under these circumstances. *In re International Airport Inn Partnership,* 517 F.2d 510, (9th Cir. 1975); *In re Waldrep,* 20 B.R. 248 (Bkrtcy. W.D.Tex.1982); *Hammerer v. Internal Revenue Service,* 18 B.R. 524 (Bkrtcy.E.D.Wis. 1982); *In re Pagnotta,* 22 B.R. 521 (Bkrtcy. D.Md.1982).

Accordingly, debtor's motion for dismissal is denied.

Further, the Court directs the trustee to examine the state court suit(s) and report to this Court regarding the status of the same and the position the trustee takes toward the suit(s). The record shows that there may be two suits pending in Allen Superior Court—

1. Glenn Bryant and Richard R. De-Camp, Trustee

vs.

International Harvester Co. and James Salway
Cause No. S–81–1830

2. Glenn Bryant and Bettye Bryant

vs.

International Harvester Co. and James Salway
S–82–2169

Finally, the continued discharge hearing of debtor, Glenn L. Bryant, is now continued indefinitely. The debtor is free to reassert its interest in having the case dismissed after the trustee has marshalled all assets and has paid a dividend to creditors.

SO ORDERED.