In the Matter of James JENNINGS dba/ Jennings Construction Co., Debtor.

Bankruptcy No. 1–82–03316.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 29, 1983.

Vernon R. Brose, Cincinnati, Ohio, for debtor.

Thomas J. Geygan, Cincinnati, Ohio, for Trustee.

Peter L. Outcalt, Cincinnati, Ohio, for Creditor The Standard Oil Co.

Richard A. Bernat, Cincinnati, Ohio, for Creditor Mike Albert Leasing Co.

## ORDER

RANDALL J. NEWSOME, Bankruptcy Judge.

This matter is before the Court under the following circumstances: On November 19, 1982 debtor filed a petition under Chapter 7. Pursuant to 11 U.S.C. § 341 a first meeting of creditors was held on December 15, 1982. At that meeting the trustee learned that debtor's schedules contained false information. Specifically, it was revealed that debtor owned a one-half interest in real estate which he transferred to his wife on March 4, 1982; that he transferred title to a 1979 automobile to his wife one day before he signed his bankruptcy schedules; and that he failed to indicate on his schedules the sale of a one-third interest in a houseboat in September or October of 1982 which generated $11,500.00 in proceeds.

At a Rule 205(a) examination of the debtor and his wife conducted on February 11, 1983, Betty Jennings testified that she was unaware that debtor's one-half interest in real estate had been transferred to her.

Debtor testified during his 205(a) examination that he owned no accounts receivable. The trustee alleges that he has learned of an account receivable which was invoiced on October 20, 1982. Debtor received payment on such account on November 26, 1982, some seven days after filing his petition.

On the same day that the 205(a) examinations were held, debtor filed an application to dismiss his voluntary petition on the grounds that he misunderstood "the nature of the bankruptcy" and that his financial condition had changed. He further stated that he had contacted his creditors, and that they did not object to the dismissal.

Thereafter, the trustee as well as two creditors, The Standard Oil Company and Mike Albert Leasing, Inc. filed objections to dismissal, citing debtor's concealment of assets and false financial information.

On March 24, 1983 a hearing was held on debtor's application to dismiss, at which time debtor moved in the alternative to convert this Chapter 7 case to a case under Chapter 13 pursuant to 11 U.S.C. § 706(a). Debtor's counsel represented that due to an upturn in the construction industry, debtor was now in a position to pay off all of his creditors within eight months. While not specifically denying the facts presented by the trustee, debtor's counsel alleged that

the debtor was unsophisticated and had misunderstood the requirements of the law.

Pursuant to this Court's instructions at the hearing, memoranda of law were subsequently filed by the trustee and objecting creditors. Counsel for the debtor failed to respond to these memoranda.

■ The issues presented by the trustee's factual allegations are as serious as they are troubling. We must first decide whether the trustee has "standing" to object to the debtor's application to dismiss under 11 U.S.C. § 707. As a special officer of this Court and as the representative of debtor's estate under 11 U.S.C. § 323, we believe that the trustee does have the right to object, particularly where other creditors have joined in his objection and where there is evidence of fraud by the debtor. A contrary conclusion would substantially emasculate this Court's ability to uphold the integrity of its own processes. In many cases the creditors have neither the interest nor the resources to bring debtor misconduct to the Court's attention. If the trustee is not permitted to object, the Court might be left in the position of sanctioning fraud *sub silentio.*

Our holding is buttressed not only by the broad language of § 704 regarding the duties of the trustee, but also by persuasive authority from other courts. *In re Bryant,* 28 B.R. 362, 10 B.C.D. 485 (Bkrtcy.N.D.Ind. 1983); *In re Carroll,* 24 B.R. 83 (Bkrtcy.N. D.Ohio 1982); *In re Waldrep,* 20 B.R. 248 (Bkrtcy.W.D.Tex.1982); *In re St. Laurent,* 17 B.R. 768 (Bkrtcy.D.Me.1982); *In re Hall,* 15 B.R. 913 (Bkrtcy.App. 9th Cir.1981).

■ For much the same reason, we also hold that Debtor's voluntary motion to dismiss should be and hereby is DENIED. We agree with the holding of *In re Wolfe,* 12 B.R. 686, 687 (Bkrtcy.S.D.Ohio 1981), wherein Judge Burton Perlman concluded that 11 U.S.C. § 707 "is not directed at the question of dismissal voluntarily sought by debtor" and that "such dismissal is 'controlled by equitable principles'."

■ Having submitted himself to the jurisdiction of this Court and availed himself of the protections of the Code, a debtor may not engage in questionable or fraudulent conduct and then freely dismiss his case once such conduct is discovered. While we are not now in a position to decide the merits of the trustee's claims against the debtor, we believe that he has offered sufficient evidence to invoke the above-stated equitable principle in this case.

■ The question of whether this Court has any discretion to prevent the debtor from converting his Chapter 7 case to one under Chapter 13 gives us greater pause. The language of § 706 clearly forbids any waiver of debtor's right to convert, and no limitation on that right can be read into that provision. As was noted in House Report No. 95–595, 95th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6336: "The policy of the provision is that the debtor should always be given the opportunity to repay his debts."

■ As is evident from § 1328, which provides for the discharge even of certain nondischargeable debts, Congress intended that no limitations be imposed on debtors who wish to repay their debts, regardless of the circumstances under which those debts were incurred. *See also,* 11 U.S.C. § 727(a)(9); *In re Seely,* 6 B.R. 309 (Bkrtcy. E.D.Va.1980).

■ Accordingly, the debtor's motion to convert is hereby GRANTED. The debtor shall file his proposed Chapter 13 plan within 20 days of the date of this order. Given the questionable nature of the debtor's conduct in this case thus far, his failure to cooperate with the trustee, and the trustee's diligence in bringing debtor's actions to light, equity dictates that the debtor be required to reimburse the trustee for reasonable attorney fees and costs expended in this case thus far. The trustee should file an application for such fees and costs within ten days of the date of this order.

■ It should be emphasized that the debtor will be required to meet all of the requirements of 11 U.S.C. § 109 and Chapter 13 as a prerequisite to the confir-

mation of his plan. Debtor's attorney has represented that the debtor is making a regular income at this time, and that he should be able to repay his creditors in full within eight months. These representations will be weighed in the balance in determining whether debtor's proposed Chapter 13 plan meets the good faith requirements of § 1325(a)(3).

If debtor's plan fails to meet the requirements of Chapter 13, or if debtor fails to comply with the terms of his plan or the orders of this Court, this case will be reconverted to a case under Chapter 7.

IT IS SO ORDERED.