**In re Emil Paul KLEIN, Debtor.**

**Bankruptcy No. 882–81032–18.**

United States Bankruptcy Court, E.D. New York.

May 1, 1984.

Holland & Zinker, Smithtown, N.Y., for debtor.

Marianne DeRosa, Mineola, N.Y., Trustee.

Edward P. Frey, New York City, for trustee.

Fensterheim & Fensterheim, New York City, for Joseph Melohn.

## DECISION & ORDER

C. ALBERT PARENTE, Bankruptcy Judge.

Debtor, Emil Paul Klein, moves this court for an order dismissing his Chapter 7 case.

## BACKGROUND

On April 22, 1982, debtor filed a petition under Chapter 13 of the Bankruptcy Re-form Act of 1978 ("Code"). Thereafter, the debtor moved *ex parte* to convert the case to one under Chapter 7 pursuant to 11 U.S.C. § 1307. In support of said application, the debtor summarily represented that "circumstances require that he convert his Chapter 13 to a Chapter 7." Application to Convert to Chapter 7 of Emil Paul Klein at 1. By order dated August 2, 1982, debtor's case was converted to Chapter 7.

On April 12, 1983, debtor's current counsel was substituted for his initial counsel. Bankruptcy Proceeding Record at 25.

Now, after substantial expenditure of judicial resources, and after substantial delay in the processing of creditors' claims, the debtor moves to dismiss his petition. The motion for voluntary dismissal of the Chapter 7 case is premised on the grounds that (a) debtor was improperly advised by his initial counsel as to the full implications of commencing a case under Chapters 7 or 13 (although he fails to state in what manner the advice rendered was insufficient or erroneous), (b) the course of the proceedings have involved both debtor's wife and his business associates and that the continuation of such proceedings will prejudice his continued relationship with such business associates and thus impair his fresh start, (c) that further proceedings will engender extensive litigation which debtor will be unable to fund, and (d) that further litigation will deplete the assets of the estate. Debtor's Application ("Debtor's Ap.") at 1.

The trustee, Marianne DeRosa, and a creditor, Joseph Melohn, listed in debtor's schedules as holding an unsecured claim in the amount of $124,337.06, both object to the dismissal of the petition. The creditor has filed no papers in opposition to debtor's motion. The trustee predicates her opposition on the grounds that the debtor has failed to list valuable assets in his Schedule of Assets, including a stock interest in the Seaport Manor Corporation, a partnership interest in Seaport Manor Home for Adults, and a partnership interest in Canarsie Hotel Company. The trustee apprises the court, and the court has confirmed, that the trustee has commenced proceedings to

recover the debtor's interest in the referenced entities. A recovery of these assets, the trustee submits, will enable her to pay a substantial if not full dividend to the creditor body. Trustee's Affirmation in Opposition to Debtor's Application for Dismissal ("Tr. Af.") at pp. 1–2.

## DEBTOR'S MOTION TO DISMISS

■ A debtor who has filed a petition under Chapter 7 does not have an absolute right to dismiss his petition. Both § 707 [1] of the Code and Bankruptcy Rule 1017(a) [2] require that dismissal may only occur after a hearing on notice and only for cause. *But see* 11 U.S.C. § 1307(b).

While several courts have earlier held that § 707 does not govern an application for dismissal by debtor, *see In re Jennings*, 31 B.R. 378 (Bkrtcy.S.D.Ohio 1983); *In re Wolfe*, 12 B.R. 686, 4 C.B.C.2d 555 (Bkrtcy. S.D.Ohio 1981); *In re Wirick*, 3 B.R. 539, 1 C.B.C.2d 978, 6 B.C.D. 354 (Bkrtcy.E.D.Va. 1980), newly promulgated Bankruptcy Rule 1017(a) makes clear that a motion by a petitioner, which in a voluntary case is the debtor himself, must be predicated upon "cause" and may only be granted after notice and hearing. Thus, this rule embodies the substantive elements of § 707 and further clarifies the scope of § 707 to include within its purview an application by a voluntary debtor. *See e.g., In re Carroll*, 24 B.R. 83 (Bkrtcy.N.D.Ohio 1982).

The legislative history to § 707 states that the causes set forth in § 707(1) and § 707(2) are not "exhaustive, but merely illustrative." House Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977), *reprinted in* Appendix 2, Collier on Bankruptcy (15th ed. 1983); Senate Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Ad-min.News 1978, p. 5787, *reprinted in* Appendix 3, Collier on Bankruptcy (15th ed. 1983). It remains to be determined whether debtor has demonstrated cause sufficient to justify an order of dismissal.

The prevailing view holds that a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no legal prejudice to interested parties. *In re International Airport Inn Partnership*, 517 F.2d 510 (9th Cir.1975); *In re Hall*, 15 B.R. 913, 5 C.B.C.2d 1028, 8 B.C.D. 566 (Bkrtcy.App. 9th Cir.1981); 24 B.R. at 83; *In re Hammerer*, 18 B.R. 524, 6 C.B.C.2d 358 (Bkrtcy.E.D.Wis.1982); *In re Williams*, 15 B.R. 655, 8 B.C.D. 539 (E.D.Mo.1981).

This precept rests upon the tacit premise that while a debtor may voluntarily choose to place himself in bankruptcy, he does not enjoy the same discretion to withdraw his case once it has been commenced. *In re Blackmon*, 3 B.R. 167, 1 C.B.C.2d 604, 6 B.C.D. 66 (Bkrtcy.S.D.Ohio 1980).

■ The court finds that parties in interest would be substantially prejudiced by the grant of an order of dismissal. The court further finds that the reasons upon which debtor moves for dismissal do not seriously address the issue of prejudice.

The debtor filed his petition in bankruptcy on April 22, 1982, approximately two years prior to the current motion to dismiss. Thus, to date his creditors have been stayed under § 362 from debt collection for a substantial period of time. A dismissal would have the effect of returning said creditors to *status quo ante* and would relegate them to proceeding anew in enforcement of their claims. Not only would

---

**1.** 11 U.S.C. § 707 provides:

Dismissal. The court may dismiss a cause under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors; and

(2) nonpayment of any fees and charges required under chapter 123 of title 28.

**2.** Bankruptcy Rule 1017(a) provides:

(a) VOLUNTARY DISMISSAL; DISMISSAL FOR WANT OF PROSECUTION. Except as provided in § 1307(b) of the Code, a petition shall not be dismissed on motion of the petitioner or for want of prosecution or other cause or by consent of the parties prior to a hearing on notice to all creditors as provided in Rule 2002(a). For such notice, the debtor shall file a list of all creditors with their addresses within the time fixed by the court unless the list was previously filed. If the debtor fails to file the list, the court may order the preparing and filing by the debtor or other person.

an order of dismissal, in such context, create substantial prejudice to creditors in causing further delay, *see* 20 B.R. at 251, but it would implicitly sanction an abuse of the bankruptcy process. As Bankruptcy Judge Elliott stated in *In re Waldrep,* 20 B.R. 248, 250 (Bkrtcy.W.D.Tex.1982):

> ... the Code was never intended as a vehicle for promoting delay, whether resulting from inadvertence or by design.... For this Court to allow even an appearance of abuse would be a severe obstruction of those policies fundamental to the Code and would serve to revitalize the antagonism between debtor and creditor. To prevent such a regression, the Court shall assume a strict and critical stance towards any maneuvers or schemes which would have the effect of delaying a case...

Moreover, as a second element of prejudice to creditors, the trustee has apprised the court that the debtor has failed to list several of his business interests in his schedule of assets and such interests if recovered will greatly enhance dividends paid to such creditors. Tr. Af. at pp. 1–2. The court has no assurance that debtor's assets will be distributed to the creditor body if it relinquishes its jurisdiction in ordering dismissal. *See In re Ross,* 21 B.R. 5 (Bkrtcy.E.D.N.Y.1982).

It should be noted that the debtor offers no explanation as to why he failed to list valuable assets in his schedules other than that he "was never fully advised by his [initial] attorney of the nature of a bankruptcy proceeding." Debtor's Ap. at 1. Such an explanation for failing to list assets is tantamount to no excuse at all. Therefore, the court reaches the ineluctable conclusion that debtor's motivation in failing to list assets was questionable if not fraudulent, and constitutes an additional basis for finding prejudice to a party in interest.[3] The trustee as representative of the estate, *see* 11 U.S.C. § 323, has expended time and effort in examining into the affairs of the debtor and in uncovering potential assets of the estate. A dismissal would render such efforts wasted. "Having submitted himself to the jurisdiction of this Court and availed himself of the protection of the Code, a debtor may not engage in questionable or fraudulent conduct and then freely dismiss his case once such conduct is discovered." 31 B.R. at 380.

It may be reasonably inferred from debtor's questionable behavior inside of bankruptcy that such conduct will persist in derogation of the creditor's rights in the event this court were to order the dismissal of debtor's petition.

Additionally, debtor's assertion that his failure to list assets was in reliance upon advice of counsel is belied by the procedural history of this case. Debtor's current counsel was substituted by order and stipulation dated April 12, 1983, approximately one year prior to the date of this motion. Surely, current counsel after review of the facts underlying debtor's petition would have recommended a motion to dismiss at a substantially earlier time. It is more plausible to conclude that the motion is causally related to the adversary proceeding commenced by the trustee on February 28, 1984, Bankruptcy Case Record at p. 3, which *inter alia* seeks to bring the unlisted assets into the bankruptcy estate.

### STANDING OF TRUSTEE

Counsel for the debtor contends that the trustee has standing to object to debtor's dismissal for the "limited purpose of protecting her right to fees, commissions and to fulfilling her duty to see that other administrative expenses are properly taken care of." Tr. at 5. Counsel thus appears to argue that trustee may not object to dismissal on the grounds that additional assets have been discovered which may constitute property of the estate. Counsel must concede, however, that the discovery of new assets directly bears on the amount

---

3. See 18 U.S.C.A. § 152 which sets forth the criminal penalties which may be imposed upon a finding in a criminal case that debtor "knowingly and fraudulently conceal[ed] from a ... trustee ... or other officer of the court ..., or from creditors in any case under title 11, any property belonging to the estate of the debtor."

of "fees and commissions" to which the trustee is entitled. Perhaps his argument rests on the premise that if the trustee is paid by the debtor the value of the commissions to which she would be entitled if the estate were fully administered, this would effectively cancel trustee's objection. Such a legal argument falls of its own weight. Bankruptcy Rule 1017 requires a hearing prior to any dismissal, even where the creditor body has unanimously consented. The court cannot and would not ignore the trustee's allegations of concealment of assets.

Moreover, the court does not accept debtor's view as to the limited role of a trustee in objecting to a motion by debtor to dismiss his petition. The principal cases upon which debtor relies, *In re Wirick*, 3 B.R. at 539, 1 C.B.C.2d at 978, 6 B.C.D. at 354, and *In re Jackson*, 7 B.R. 616, 6 B.C.D. 1373 (Bkrtcy.E.D.Tenn.1980), decided shortly after the effective date of the Code, have been substantially refuted by the compelling logic of numerous later cases. (*See In re Bryant*, 28 B.R. 362, 10 B.C.D. 495 (Bkrtcy.N.D.Ind.1983) for a comprehensive analysis of *Wirick* and *Jackson*.)

In *Wirick*, the court rested its holding as to the limited role of the trustee on the proposition that "it is doubtful whether a trustee could successfully object to a proposed dismissal where the bankrupt and all of the creditors consent," 3 B.R. at 541–42. Apparently, the court viewed the creditors' failure to object to be the functional equivalent of a consent. *See Id.* at 542–43; *accord* 12 B.R. at 687, 4 C.B.C.2d at 55; 7 B.R. at 617, 6 B.C.D. at 1374.

This Bankruptcy Appellate Panel for the Ninth Circuit has rejected both the view that trustee has only limited standing to object to a debtor's motion to dismiss and that the failure by creditors to object constitutes a consent to a dismissal.

> Given that the Bankruptcy Reform Act was in part promulgated to remedy the breakdown in creditor control this panel is of the opinion that it is the trustee who must bring to the court any possible arguments on behalf of unsecured creditors. After all it is the trustee who represents the estate and its creditors in determining what lawsuits, if any, should be brought on behalf of the estate. See 11 U.S.C. § 323. The trustee is also better suited to weigh all the factors which might be relevant to whether a dismissal should be allowed. Where a small unsecured creditor may fail to recognize the ramifications of a dismissal motion the trustee will be able to protect that creditor's interest. Unless the creditor affirmatively consents to the dismissal the trustee will have standing to object on that creditor's behalf.

15 B.R. at 916, 5 C.B.C.2d at 1033, 8 B.C.D. at 568.

Judge Newsome in *In re Jennings*, has articulated a similar view:

> We believe that the trustee does have the right to object, particularly where other creditors have joined in his objection and where there is evidence of fraud by the debtor. A contrary conclusion would substantially emasculate this Court's ability to uphold the integrity of its own processes. In many cases *the creditors have neither the interest nor the resources to bring debtor misconduct to the Court's attention. If the trustee is not permitted to object, the Court might be left in the position of sanctioning fraud sub silentio.* (emphasis added)

31 B.R. at 380.

A separate basis has been articulated which substantiates the trustee's right to object to dismissal. Several courts, with which this court is in agreement, have read § 704 of the Code to impose a duty upon the trustee to object to a debtor's motion to dismiss where appropriate.

> Section 704 provides a list of essential duties which the trustee is to perform. Section 704(1) states that the trustee shall "collect and reduce to money the property of the estate for which such trustee serves and close up such estate as expeditiously as is compatible with the best interest of parties in interest." This section does not provide the trustee with the duty to object to the debtors' motion

to dismiss. However, that may be inferred from his duty to collect and reduce to money property of the estate. 15 B.R. at 915, 5 C.B.C.2d at 1031, 8 B.C.D. at 567; *accord* 31 B.R. at 380; 24 B.R. at 85.

Premised upon the foregoing, the court holds that the trustee does have standing to object to debtor's motion to dismiss. *Accord* 31 B.R. at 378; *In re Martin*, 30 B.R. 24 (Bkrtcy.E.D.N.C.1983); 28 B.R. at 362; 10 B.C.D. at 485; 24 B.R. at 83; 21 B.R. at 5; 20 B.R. at 248, *In re St. Laurent*, 17 B.R. 768 (Bkrtcy.D.Me. 1982), 15 B.R. at 913, 5 C.B.C.2d at 1028, 8 B.C.D. at 566; 3 B.R. at 167.

However, even if the court were to rule otherwise, the fact that the trustee was joined in her objection by debtor's largest creditor refutes any argument that this matter is not properly before this court.

Accordingly, debtor's motion to dismiss is denied.

It is SO ORDERED.