In re Robert L. STREET, Debtor(s).

**Robert L. STREET, Appellant,**

v.

**Dora LAWSON, Appellee.**

Adv. No. MT 85–1011–AsME.

Bankruptcy No. 282–00305.

United States Bankruptcy Appellate Panels of the Ninth Circuit.

Argued Oct. 18, 1985.

Decided Nov. 25, 1985.

Harold V. Dye, Milodragovich, Dale & Dye, P.C., Missoula, Mont., for appellant.

Edward A. Murphy, Datsopoulos, MacDonald & Lind, Missoula, Mont., for appellee.

Before ASHLAND, MEYERS and ELLIOTT, Bankruptcy Judges.

## OPINION

ASHLAND, Bankruptcy Judge:

Debtor Robert Street appeals from an order denying confirmation of an amended Chapter 13 plan. We reverse.

Street originally commenced this case under Chapter 7 of the Bankruptcy Code (Title 11 U.S.C.). On May 24, 1984 the bankruptcy judge entered judgment in favor of Dora Lawson for $30,000 and determined the debt nondischargeable under Bankruptcy Code § 523(a)(4). Street converted the case to one under Chapter 13 on June 25, 1984.

### Statement of Facts

Street is a self-employed management consultant and grossed on average $2,503 per month. Street's disposable monthly income is $773 of which he proposed to pay $500 into the plan.

Street's first plan proposed a classification among unsecured creditors whereby Dora Lawson would receive all payments to be made under the plan other than those required to pay priority claims. This would result in Mrs. Lawson receiving approximately 54% of her claim while other unsecured creditors would receive nothing. The basis for the classification was the judgment of nondischargeability that had been rendered in favor of Mrs. Lawson while the case was under Chapter 7. Confirmation of this plan was denied.

Street obtained leave to file an amended plan which is the subject of this appeal. The amended plan classified all unsecured creditors as one class and would result in a payout to all unsecured creditors of approximately 28%.

Dora Lawson objected to the amended plan on the basis that it had not been proposed in good faith.

On March 22, 1985 the court rejected the proposed Chapter 13 plan for three reasons. First, the court found that the debtor lacked good faith in proposing to seek to discharge an otherwise nondischargeable debt through the use of Chapter 13. Second, it was "manipulative of the Bankruptcy Code" for Street to convert a case from a Chapter 7 to a Chapter 13 after Lawson's exception to discharge was entered. Third, after considering various unsecured creditors listed as "unknown" in the original schedules, the court found that it was "virtually impossible" to fix "the percentage to be paid" to unsecured creditors.

### Issues

I. Whether it is bad faith to seek to discharge an otherwise nondischargeable debt through Chapter 13?

II. Whether the conversion of a Chapter 7 case to a Chapter 13 case after a judgment of nondischargeability is entered constitutes manipulation of the Bankruptcy Code?

III. Whether it was error for the Bankruptcy Court to consider untimely and unfiled claims in rejecting debtor's Chapter 13 plan?

### Discussion

I. *Whether it is bad faith to seek to discharge otherwise nondischargeable debts through Chapter 13*

A Chapter 13 plan must be proposed in good faith. The Bankruptcy Code does not define good faith and the Congressional history sheds little light on its meaning. *In re Goeb*, 675 F.2d 1386, 1390 (9th Cir. 1982). The courts take different approaches to the good faith standard. Some

hold that it requires that the unsecured creditors receive more than in Chapter 7. Others have held that the plan must provide for substantial repayment. *In re Hurd*, 4 B.R. 551 (W.D.Mich.1980). Others hold that the good faith standard requires consideration of all factors affecting the plan and that the amount of payment, by itself is not controlling. *Goeb* at 1390.

*Goeb* noted the paucity of any Congressional history on the definition of good faith and rejected what it termed as inflexible a requirement relating to the percentage of repayment on claims. The court cited *American United Mutual Ins. Co. v. City of Avon Park*, 311 U.S. 138, 61 S.Ct. 157, 85 L.Ed. 91 (1940), for a good faith requirement in Chapter IX of the Bankruptcy Act and concluded that the scope of the court's inquiry must be broad. In general the court must focus on the equity and good conscience of the debtor. The court must be guided by equitable doctrines and must consider such things as the public interest. *American United v. Avon Park* at 140, 61 S.Ct. at 159. Specifically, with respect to Chapter 13 the court must inquire into whether the debtor has misrepresented facts in his plan, unfairly manipulated the Bankruptcy Code, or otherwise proposed his Chapter 13 plan in an inequitable manner. While substantial repayment is a factor, the court must consider all other factors that relate to the equities, and the decision must be made on a case by case basis, *Goeb* at 1390.

The appellee contends that the debtor acted in bad faith by seeking to discharge otherwise nondischargeable debts through Chapter 13. In the case of Dora Lawson, the court has already determined that fraud was committed and that the debt was nondischargeable under the Chapter 7 proceeding.

*In re Slade*, 15 B.R. 910 (9th Cir. BAP 1981), specifically rejected the argument that proceeding with a Chapter 13 in order to discharge debts otherwise nondischargeable constitutes bad faith. *Slade*, affirmed the confirmation of a Chapter 13 plan which proposed payments of $135 per

month for three years and resulted in less than five percent payout to unsecured creditors. A substantial portion of the debt owing in *Slade* was incurred from the embezzlement of funds by Slade while working as an employee of Bank of America.

[T]he fact that the code specifically allows the discharge of debts under Chapter 13 which are not dischargeable under Chapter 7 would preclude a finding of bad faith based merely upon the existence of such debt among the liabilities of an erstwhile Chapter 13 debtor.

\*     \*     \*     \*     \*     \*

[T]he fact that a debtor's plan represents his best efforts is a significant indication of good faith on his part. Absent any showing of a willful attempt to misuse Chapter 13 in defraud of creditors, best effort plans should normally satisfy the good faith requirements of 11 U.S.C. § 1325(a)(3).

*Slade* at 912.

In both *Slade* and this case, debtors faced with otherwise nondischargeable debts are attempting to work out their debt by payments representing their reasonable best efforts over the statutory three year period.

We are not saying that it is an abuse of discretion for a bankruptcy judge to deny confirmation of a plan that discharges an otherwise nondischargeable debt in all chapter 13 cases. Seeking to discharge an otherwise nondischargeable debt is only one factor to be considered in determining whether the plan was proposed in good faith.

II.  *Whether conversion of a Chapter 7 case to Chapter 13 after a judgment of nondischargeability is entered constitutes a manipulation of the Bankruptcy Code*

■  Bankruptcy Code § 706(a) provides:

The debtor may convert a case under this chapter to a case under Chapter 11 or 13 of this title at any time, if the case has not been converted under § 1112 or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.

Both the House and Senate reports to the Bankruptcy Reform Act speak of this subsection as giving the debtor an "absolute right" to convert. H.Rept. No. 95–595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977), p. 380; S.Rept. No. 95–989 to accompany S. 2266, 95th Cong., 2nd Sess. (1978) (94), U.S.Code Cong. & Admin.News 1978, p. 5787.

*In re Jennings*, 31 B.R. 378 (Bkrcy.S.D. Ohio 1983), addressed the right to convert to a Chapter 13 proceeding. This case involved a situation where a debtor converted from Chapter 7 to Chapter 13 because of actions, including failure to schedule assets, that jeopardized his general discharge. The court stated:

The question of whether this court has any discretion to prevent the debtor from converting his Chapter 7 case to Chapter 13 gives us greater pause. The language of § 706 clearly forbids any waiver of debtor's right to convert, and no limitation on that right can be read into that provision. As was noted in the House Report No. 95–595, 9th Cong., 1st Sess. 380 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5797, 6336: "The policy of the provision is that the debtor should always be given the opportunity to repay his debts."

\*     \*     \*     \*     \*     \*

As is evident from § 1328 which provides for the discharge even of certain nondischargeable debts, Congress intended that no limitations be imposed on debtors who wish to repay their debts, regardless of the circumstances under which those debts were incurred.

*Jennings* at 380.

A conversion from Chapter 7 to Chapter 13 following an adverse decision on a dischargeability action does not render the Chapter 13 "manipulation of the bankruptcy code" as stated by the bankruptcy judge.

**766**

III. *Whether the court erred in considering untimely and unfiled claims in rejecting debtor's amended plan*

■ Bankruptcy Rule 3002(c) provides that in any "Chapter 7 liquidation or Chapter 13 individual's debt adjustment case, a proof of claim shall be filed within 90 days of the first date set for the meeting of creditors called pursuant to § 341(a) of the Code...." Rule 3002(c) is intended to provide an absolute bar to claims filed after 90 days after the § 341 meeting. Under prior law, "the weight of authority" treated the bar date as "mandatory and immutable" and as a "statute of limitations not subject to extension by the bankruptcy court." *Wilkens. v. Simon Bros., Inc.,* 731 F.2d 462, 464 (7th Cir.1984).

The issue before us is not whether a late filed claim is permissible. We are only concerned with the timely filed claims that were before the bankruptcy judge at the time of the confirmation hearing.

Street's § 341(a) meeting under Chapter 13 was held October 5, 1984. By the terms of the bankruptcy court order setting the § 341(a) meeting and Bankruptcy Rule 3002, the bar date for filing proofs of claim was fixed as January 4, 1985. The confirmation hearing was held on February 20, 1985.

At the confirmation hearing, the bankruptcy judge considered a claim by Manidell Bandy. This claim was not filed until February 4, 1985, 40 days late. The creditors matrix established that Ms Bandy was on the matrix and received notice of the 341(a) meeting under Chapter 7, the conversion to Chapter 13, and the notice of the Chapter 13 § 341(a) meeting which later notice also advised of the Chapter 13 bar date for filing proofs of claim.

Since the hearing was held after the bar date, it was possible for the court to determine the amount of all claims against the debtor at the confirmation hearing.

*Conclusion*

The mere fact that Street utilized the discharge provisions of Chapter 13 does not establish bad faith. A conversion of the case from Chapter 7 to Chapter 13 after an exception to discharge was not manipulative of the Bankruptcy Code. Because the bar date had expired, the court could have determined the payout percentage under the plan.

Reversed.