### In re Todd Ashley STEPHENSON, Debtor.

### No. 01–10203–BH.

United States Bankruptcy Court,
W.D. Oklahoma.

April 27, 2001.

Joel C. Hall, Trustee, Oklahoma City, Oklahoma, for trustee.

Joe D. Tate, Oklahoma City, Oklahoma, for debtor.

### ORDER DENYING DEBTOR'S MOTION TO DISMISS

RICHARD L. BOHANON, Bankruptcy Judge.

This matter comes before the Court on the Debtor's motion to dismiss

the petition. The Trustee objected,[1] and the Court heard arguments from both sides and took the matter under consideration. For reasons outlined below, the Court denies the Debtor's motion.

## FACTS

The meeting of creditors held pursuant to 11 U.S.C. § 341 was conducted, and at that meeting, the Trustee learned that the Debtor was to receive a federal tax refund of approximately $4,000 and a state tax refund of about $ 1,600. When the Trustee demanded that these refunds be turned over to him, the Debtor filed his motion to dismiss, which contained no supporting authority.

## DISCUSSION

■ The Debtor's motion states that he wishes to seek "an alternative method to resolve his current financial status thus attempting to satisfying [sic] his debts with all creditors." The Trustee argues that dismissal would prejudice the creditors for they will receive some distribution from the tax refunds if the case is administered. Conversely, the creditors are not assured any distribution if the petition is dismissed.[2]

This case represents a current objectionable trend in bankruptcy cases in this district where debtors initially seek the benefits of the Bankruptcy Code but later move to dismiss their petitions when an asset, usually valuable, is discovered. Debtors should be cautioned that although they have an absolute right to file a bankruptcy petition, there is no absolute right to dismiss it. See Laura A. Pawloski. *The Debtor Trap: the Ironies of Section 707(a)*, 7 Bankr.Dev.J. 175, 180–81 (1990). See also, In re Blackmon, 3 B.R. 167, 169 (Bankr.S.D.Ohio 1980) ("While the debtor may choose to place himself in bankruptcy by voluntarily filing a petition with this Court to commence his case, he does not have the same degree of discretion in deciding whether he will terminate the proceedings once they are started."); In re Klein, 39 B.R. 530, 532 (Bankr.E.D.N.Y. 1984) ("A debtor who has filed a petition under Chapter 7 does not have an absolute right to dismiss his petition."); In re Schwartz, 58 B.R. 923, 925 (Bankr. S.D.N.Y.1986) (quoting In re Klein ).

■ The applicable section provides:

a) The court may dismiss a case under this chapter only after notice and a hearing and *only for cause,* including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28, and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only a motion by the United States trustee.

11 U.S.C. § 707(a) (emphasis added). While the Bankruptcy Code does not specify who may move to dismiss a petition under § 707(a), most courts allow a debtor to move to dismiss only where "cause"

---

**1.** It is well established that the Trustee has standing to object. *See* 6 *Collier on Bankruptcy* ¶ 707.02[1] at 707–5 (Lawrence P. King, ed., 15th ed. rev.2000) (citing several cases in support of this proposition). The majority rule is that the Trustee has standing to object because "under section 323 the trustee is the representative of the estate and that, particularly in small and no-asset cases, the creditors themselves are unlikely to take an active role." *Id.* at 707–6.

**2.** Upon dismissal, the tax refunds would revest in the Debtor. *See* 11 U.S.C. § 349(b)(3).

exists. *See In re Schwartz*, 58 B.R. at 925. The situations listed in § 707(a)(1)–(3) are only illustrative, and a court may dismiss a petition on other grounds where cause exists. *See Collier on Bankruptcy, supra,* ¶ 707.03[1] at 707–7. *See also,* 11 U.S.C. § 102(3).

What constitutes "cause" within the meaning of § 707(a) has been the source of much judicial opining and scholarly debate. *See generally,* Pawloski, *supra,* at 180–93 (discussing how courts have developed different tests to determine dismissal under § 707(a)). The predominant approach, at a minimum, requires that dismissal not cause prejudice to the creditors. *See Collier on Bankruptcy, supra,* ¶ 707.03[3] at 707–13. *See also, In re Schwartz,* 58 B.R. at 925 ("[T]he test is whether dismissal is in the best interest of the debtor and his creditors."); *In re Klein,* 39 B.R. at 531 (stating that the applicable test is whether "dismissal will cause no legal prejudice to interested parties.")

█ Hence, the core issue here is whether dismissal would cause the creditors prejudice. The Debtor made the motion and, accordingly, has the burden of proof to show that dismissal would not prejudice the creditors.

█ Generally, a debtor's interest is in securing a fresh start through a discharge. *See In re Schwartz,* 58 B.R. at 925. On the other hand, creditors may suffer prejudice in many forms. Prejudice has been defined as an "injury, detriment, or damage, caused by judgement or action in which his rights are disregarded." Ox-

ford English Dictionary. http://dictionary.oed.com. Thus, it can be said that dismissal is not appropriate where a creditor will suffer some legal harm or injury.

Debtors may have several reasons for asking that their petitions be dismissed. They may wish to avoid the stigma of bankruptcy; they may wish to avoid harm to credit reports; or they may have received poor advice from counsel. They may also wish to take advantage of some newly discovered asset or to refile later so as to receive a discharge for additional debt.[3] *See* Pawloski, *supra,* at 179–80.

Regardless of a debtor's intent, dismissal is not proper where harm will befall the creditors. *See In re MacDonald,* 73 B.R. 254, 256 (Bankr.N.D.Ohio 1987) (denying debtor's motion to dismiss where creditors would be forced to exercise their rights in state court anew after imposition of the automatic stay); *In re Bryant,* 28 B.R. 362, 366 (Bankr.N.D.Ind.1983) (denying the debtor's motion to dismiss when the debtor wished to pursue a cause of action against a defendant in state court because the debtor believed his claim was worth more than what the trustee settled for and noting that there was no assurance the debtor would win any award).

█ In the case at bar, the Trustee correctly asserts that the creditors will suffer prejudice if the petition is dismissed because it is uncertain they would receive any distribution. The Debtor claims he intends to use the tax refunds to pay his creditors in full, but he is not specific about any plan to honor this commitment.

---

**3.** Some courts have interpreted "cause" within the meaning of § 707(a) to impose some good faith requirement. In other words, a creditor may be entitled to dismissal under § 707(a) if the debtor filed a Chapter 7 petition in bad faith. However, most courts have determined that the plain language of the statute does not impose a good faith requirement.

In the instant case, the Court need not reach this issue because the issue is limited to whether dismissal would prejudice the creditors. *See generally, In re Padilla,* 222 F.3d 1184 (9th Cir.2000) (discussing the pros and cons of imposing a good faith requirement under § 707(a)).

The Debtor could fail to repay his creditors, spend his tax refunds, and later refile for bankruptcy. In that case, the creditors would suffer even further prejudice and delay.

On the other hand, if the petition is not dismissed it is certain that the creditors will receive some, albeit not a complete, distribution from the tax refunds. *See In re Bryant*, 28 B.R. at 366. ("There is no assurance that the creditors in the case would receive any payment [if the debtor's motion to dismiss were granted].")

Furthermore, the Debtor's argument that he can repay his debts is unpersuasive and speculative at best. In fact, Congress has rejected this very argument as "cause" for dismissal under § 707(a). Both the House and Senate reports explain that:

> The section does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.

H.R.Rep. No. 95–595, at 380 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6336; S.Rep. No. 95–989, at 94 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5880. Therefore, the Debtor has failed to meet his burden. Here, the creditors would be prejudiced by losing the assurance of at least some payment if the Debtor's motion were granted.

### CONCLUSION

This Court finds that the Debtor has failed to meet his burden for the creditors would suffer prejudice if the petition were dismissed. Accordingly, the relief requested by the motion is denied.