**In re Betty YOUNG, a/k/a Betty Gordon, Debtor.**

**No. 87 B 12113.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Oct. 31, 1988.

Theodore Gulino, Chicago, Ill., for petitioner.

Gloria E. Block, Chicago, Ill., for respondent.

## MEMORANDUM OPINION

ERWIN I. KATZ, Bankruptcy Judge.

This matter comes before this Court on the Motion of Pauline Walker ("Creditor") to dismiss the Chapter 7 petition of Betty Young a/k/a Betty Gordon ("Debtor"). Creditor obtained a prepetition judgment against the Debtor for unpaid rent in the amount of $2,287.07.

Creditor bases her Motion on the following circumstances:

(1) The Debtor listed three unsecured debts totaling $6,861.20, while Creditor claims that the only actual unsecured debt is the one owing to Creditor in the amount of $2,287.07;

(2) The Debtor is, and has been since 1980, employed, earning $17,000 per year;

(3) The Debtor's Schedule of Current Income and Current Expenditures ("Schedule") shows monthly income exceeding monthly expenditures by more than $325 per month;

(4) A Rule 2004 examination of the Debtor has disclosed additional assets consisting of a $1,000 tax refund and life insurance, both of which were not disclosed in the petition.

The Debtor responds to these allegations as follows:

(1) Creditor was listed three times in the petition to assure that she received notice. There is at least one additional unsecured creditor, namely, Northrup Credit Union, the creditor formerly holding a security interest in Debtor's automobile which has, since the filing of the petition, become worthless;

(2) Debtor's earnings have not been uniformly at the $17,000 per year level throughout the period from 1980;

(3) Debtor denies that her Schedule of Current Income and Expenditures shows an excess of more than $325 of monthly income over monthly expenditures; and

(4) Debtor denies that she has a $1,000 tax refund coming to her. She claims that the life insurance is an employee benefit over which she has no control.

The charges and counter-charges by the Creditor and the Debtor are largely beside the point with regard to the relief Creditor seeks, namely, dismissal of Debtor's Chapter 7 petition. The grounds for such dismissal are set forth in Bankruptcy Code

Section 707. That Section is broken down into two subsections, (a) and (b).

The Creditor concedes, at Page 3 of her Memorandum in Support of Amended Motion to Dismiss, that Section 707(b) does not apply here. Firstly, Section 707(b) requires that the Debtor's debts be primarily consumer debt.

■ Secondly, Section 707(b) by its terms may not be invoked by the request or suggestion of any party in interest, but only by the court or by the United States Trustee.

■ Creditor is thus left with 707(a) as a possible basis for dismissing Debtor's petition. Section 707(a) provides for dismissal "for cause." Cause includes: (1) unreasonable delay by the debtor that is prejudicial to creditors; (2) nonpayment by the debtor of fees or charges; and (3) failure by the debtor to file required information, such as the Schedule, either along with its petition or within a specified period afterwards. These grounds are not exclusive. *In Re Goulding*, 79 B.R. 874, 875 (Bankr.W.D. Mo.1987).

■ The grounds of failure to file information along with the petition or soon thereafter, stressed by the Creditor with regard to Debtor's Schedule, can only be asserted by the United States Trustee, not by a creditor.

■ Most importantly, the gravamen of Creditor's Motion is the Creditor's perception that the Debtor has the ability to pay her debt to the Creditor. Even if true, "[t]he Section [707(a)] does not contemplate, however, that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal." H.R.Rep. No. 595, 95th Cong. 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong. 2nd Sess. 94 (1978), U.S.Code Cong. & Admin. News 1978, pp. 5787, 5880, 6336. See *In Re Latimer*, 82 B.R. 354, 361 (Bankr.E.D. Pa.1988); *In Re Goulding*, 79 B.R. 874, 875 (Bankr.W.D.Mo.1987); *In Re Kragness*, 63 B.R. 459, 461–62, 465–66 (Bankr.D.Or. 1986). Thus, Debtor's ability to pay Creditor's claim would not constitute grounds for dismissal of Debtor's petition under 707(a), nor would Debtor's intent, standing alone, in filing her petition to relieve herself of Creditor's claim.

Creditor's frustration and disappointment at not having her claim paid cannot serve as the basis for denying Debtor her right to use Chapter 7. As stated in *In Re Cecil*, 71 B.R. 730, 734 (Bankr.W.D.Va. 1987), "Creditors are regularly disappointed in Chapter 7. However, this does not constitute cause for dismissal under 11 U.S.C. 707(a) and this Court does not find sufficient other cause to warrant dismissal under 707(a)."

This Court similarly does not find sufficient other cause to warrant dismissal of Debtor's petition under 707(a).

Accordingly, Creditor's Motion to Dismiss is Denied.