**In re Hugo David SPATZ, Debtor.**

**Robert L. KIRBY, Plaintiff,**

v.

**Hugo David SPATZ, Defendant.**

**Bankruptcy No. 97–14486–9P7.
Adversary No. 98–175.**

United States Bankruptcy Court,
M.D. Florida.
Ft. Myers Division.

June 12, 1998.

Mark Herdman, Palm Harbor, FL, for Appellee

David W. Steen, Tampa, FL.

Diane Jensen, Ft. Myers, FL, trustee.

Catherine Peek McEwen, Tampa, FL, for Appellant

## ORDER ON MOTION FOR RECONSIDERATION OF ORDER DISMISSING ADVERSARY PROCEEDING

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is a Motion to Reconsider this Court's Order, entered on April 17, 1998, Dismissing the above-captioned Adversary Proceeding. (Adv. No. 4).

The record reveals that on April 23, 1997, Hugo David Spatz ("Debtor"), filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. At the time the Debtor filed his Petition for Relief, Robert L. Kirby ("Plaintiff"), held a judgment against the Debtor in the amount of $522,738.68. The Plaintiff had

received a Final Judgment on a claim against the Debtor for tortious interference with a business relationship in the Twentieth Judicial Circuit Court of Florida on November 7, 1996. While the Debtor appealed the judgment, he did not seek and obtain a stay pending appeal.

The Plaintiff wasted no time and sought to have the Debtor's Chapter 13 case dismissed. The Plaintiff filed a Motion to Dismiss the Case (Doc. No. 4, Case No. 97–6510), contending that the Debtor was ineligible for Chapter 13 under 11 U.S.C. § 109(e) because he had noncontingent, liquidated unsecured debts exceeding $250,000. This Court granted the Plaintiff's Motion to Dismiss the Case on June 4, 1997, with a provision that permitted the Debtor to convert the case to one under Chapter 7 within ten days. (Doc. No. 12).

Although there is no hard evidence within this record, it appears that sometime during the ten-day period, the Debtor converted certain securities in a brokerage account, valued at approximately $467,000; his interest in an automobile, valued at approximately $31,000, to himself and to his wife to be owned by them as tenants by the entireties, and thus removing assets from the reach of the Plaintiff, who only holds a judgment against the Debtor and not against his wife.

On Sept. 12, 1997, and not within the ten days fixed in the Order granting the Plaintiff's Motion to Dismiss the Chapter 13 Case, Debtor filed a second Petition for Relief, this time under Chapter 7 of the Bankruptcy Code. In due course, a Trustee was appointed, who filed an Objection to Debtor's Claim of Exemptions on October 21, 1997 (Doc. No. 16), asserting that the Debtor fraudulently converted, inter alia, the brokerage account and the automobile from non-exempt to assets not subject to administration by the Trustee by virtue of § 522(b)(2)(B) of the Bankruptcy Code. The Plaintiff also filed an Objection to the Debtor's Claims of Exemption (Doc. No. 23).

On January 23, 1998, the Second District Court of Appeal vacated the judgment against the Debtor and remanded the case back to the Circuit Court for a new trial. On February 25, 1998, the Debtor filed a Motion for Voluntary Dismissal of the Chapter 7 Case (Doc. No. 45) contending that there were no creditors to be paid from the estate because the judgment against the Debtor had been vacated. However, the reversal remanded the case for trial, based on a procedural error regarding the exclusion or admission of certain evidence. Thus, under the broad definition of "claim" in § 101(5) of the Bankruptcy Code, the Plaintiff has a claim against the Debtor, and is therefore a "creditor" pursuant to § 101(10).

On April 2, 1998, the Plaintiff filed a Complaint for Determination of Dischargeability of Debt and Objecting to Discharge (Adv. No. 1). In Count I, the Plaintiff contends that the Debtor should not be entitled to discharge of the debt that arose as the result of judgment in the state court action pursuant to 11 U.S.C. § 523(a)(6), which exempts from discharge a debt "for willful and malicious injury by the debtor." In Count II, the Plaintiff contends that the Debtor is not entitled to discharge under 11 U.S.C. § 727(a)(2), which provides that a debtor "with intent to hinder, delay, or defraud a creditor ... has transferred, removed, destroyed, mutilated or concealed ...(A) property of the debtor, within one year before the filing of the petition; or (B) property of the estate, after the filing date of the petition" is not entitled to a discharge. In this Count the Plaintiff alleges that the Debtor's transfer of the securities in the brokerage met the section 727(a)(2) conditions for grounds for denial of discharge.

It appears from the record that during that hearing, this Court made a statement that was based on the abuse of the system by the Debtor that it was therefore appropriate to dismiss the Chapter 7 case. Notwithstanding the comment made during the hearing, this Court's Order Dismissing the Case (Doc. No. 54), did not state the basis for its Order; nor did this Court's Order Dismissing the Adversary challenging the Debtor's right to a discharge (Adv. No. 4). The Plaintiff has filed a Motion for Reconsideration of the Order Dismissing the Case (Doc. No. 56), and the Order Dismissing the Proceeding (Adv. No. 5).

Dismissal of a Chapter 7 case is governed by §§ 707(a) and (b) of the Bankruptcy Code. Section 707 of the Code provides:

(a) The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—

(1) unreasonable delay by the debtor that is prejudicial to creditors;

(2) nonpayment of any fees or charges required under chapter 123 of title 28; and

(3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

(b) After notice and a hearing, the court, on its own motion or on a motion by the United States Trustee, but not at the request or suggestion of any party in interest, may dismiss a case filed by an individual debtor under this chapter whose debts are primarily consumer debts if it finds the granting of relief would be a substantial abuse of the provisions of this chapter. There shall be a presumption in favor of granting the relief requested by the debtor.

It is clear that the case could not have been dismissed pursuant to section 707(b) because this Section only permits the dismissal of a case on a Court's own Motion, or a Motion by the United States Trustee. Furthermore, section 707(b) only applies to debtors whose debts are primarily consumer debts. In this case, the Debtor's only creditor is the Plaintiff and the claim of the Plaintiff is not based on a consumer debt.

■ Thus, the issue is whether dismissal was appropriate under section 707(a). This section authorizes dismissal of a case "for cause." Dismissal "for cause" under section 707(a) is not limited to the three examples listed in the section. *In re Ripley & Hill, P.A.*, 176 B.R. 596, 598 (Bankr.M.D.Fla. 1994). If a debtor moves for dismissal, primary consideration must be given to whether the interests of creditors would be adequately protected outside of bankruptcy. *In re Komyathy*, 142 B.R. 755, 757 (Bankr.E.D.Va.

1992). It is well established and supported by Legislative History that the fact that a debtor is willing and able to pay his debts outside of bankruptcy does not constitute adequate cause for dismissal under section 707(a) H.R.Rep. No. 595, 95th Cong. 1st Sess. 380 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 94 (1978); *In re Young*, 92 B.R. 782, 784 (Bankr.N.D.Ill.1988).

■ The difficulty is that only one creditor exists in the instant case. There is no doubt that this is clearly a two-party dispute. However, it is equally clear that the Debtor has a substantial asset that would be available for liquidation if the Trustee prevails on the Objection to Exemptions. This leads to the ultimate question: Should the Debtor be permitted to dismiss his Chapter 7 case for cause under Section 707(a) when it is clearly only a two-party dispute; or may this Court in its discretion give the Plaintiff the protection of this Court and the benefits available under the Bankruptcy Code to assure that the Debtor does not place the rest of his assets out of the reach of the Plaintiff, in fact, to reward the Debtor for his conduct.

This Court, having taken into consideration the conduct of the Debtor, and particularly the multiple filings, is satisfied that the Debtor should not be allowed to dismiss his case.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Order Dismissing this Case and the Order Dismissing this Adversary Proceeding, be, and the same are hereby, vacated.

It is further

ORDERED, ADJUDGED AND DECREED that the Chapter 7 Case with all pending matters be, and the same is hereby, reinstated and the Trustee is directed to proceed with the administration of the Case.