### In re Ejazul and Sayada HAQUE, Debtors.

### No. 00–43616–JBR.

United States Bankruptcy Court, D. Massachusetts.

Dec. 21, 2000.

John Connors, Worcester, MA, for Debtors.

## MEMORANDUM AND ORDER ON DEBTORS' MOTION FOR VOLUNTARY DISMISSAL

JOEL B. ROSENTHAL, Bankruptcy Judge.

On November 7, 2000 the Debtors filed a Motion for Voluntary Dismissal of their Chapter 7 case that read, in its entirety, as follows:

> "The Debtors move to dismiss their petition under Rule 1017(a) without prejudice.
>
> For cause Debtors state that their estate is burdened by a default judgment claim of one Ryan Moore in the amount of $115,100.36 and Debtors are seeking relief in the state court and [sic] defend against or compromise this claim."

The Court heard the within motion on December 14, 2000. At the hearing, the Court inquired of Debtor's counsel why the relief they were seeking in state court precluded the case from remaining in Chapter 7. After responding to the Court's inquiry, Debtors' counsel also added that the Debtors would undoubtedly re-file to take advantage of the newly increased Massachusetts Homestead Exemption pursuant to § 1 of Chapter 188 of the Massachusetts General Laws.[1]

The Court is cognizant that these Debtors mistakenly misunderstood the manner in which they held title to their home, the nature of which dictated that this Court Order a denial of some of their claimed exemptions.

■ Unlike Chapter 13 of the Bankruptcy Code, which, except for rare instances, permits a Chapter 13 debtor to voluntarily dismiss that debtor's Chapter 13 case, 11 U.S.C. § 1307(b), § 707 of the Bankruptcy Code allows dismissal of a Chapter 7 case only for "cause," and only after notice and a hearing. 11 U.S.C. § 707(a). The applicable section does not define "cause," and furthermore gives no guidance to the Court on the question of what constitutes "cause" for dismissal of the Chapter 7 case.

■ A brief survey of the case law on the issue is instructive. One bankruptcy court has held the debtor did not show "cause" existed to dismiss the case on that debtor's motion because the debtor had no counsel and felt her rights were prejudiced without representation. *In re Haney*, 241 B.R. 430, 432 (Bankr.E.D.Ark.1999). Another bankruptcy court did not find a debtor's willingness or ability to pay all creditors in full to be a "cause" warranting dismissal on the debtor's motion. *In re Spatz*, 221 B.R. 992, 994 (Bankr.M.D.Fla. 1998). In still another case, the bankruptcy court denied the debtor's motion to dismiss when the "cause" the debtor asserted was that she had mistakenly filed her Chapter 7 petition less than six years after being granted a prior § 727 discharge and would therefore not benefit from her pending case. *In re Banks*, 35

---

**1.** Effective November 2, 2000, the Massachusetts homestead protection increased from $100,000.00 to $300,000.00 where the homeowner has properly recorded a homestead declaration with the appropriate registry of deeds. Mass. Gen. Laws ch. 188, § 1, as amended. At this time, though, the Court need not decide whether the increased exemptions are available to the Debtors under the present circumstances of this case.

B.R. 59, 59–60 (Bankr.D.Md.1983). Another debtor did not show sufficient "cause" when she mistakenly believed her assets would be exempt under state law at the time she filed her Chapter 7 petition. *In re St. Laurent*, 17 B.R. 768, 769 (Bankr. D.Me.1982). Other courts have denied the debtor's motion to dismiss that debtor's Chapter 7 case simply to refile again to include post-petition creditors. *In re Reynolds*, 4 B.R. 703, 703–04 (Bankr. D.Me.1980). *Cf. In re Schwartz*, 58 B.R. 923, 926–27 (Bankr.S.D.N.Y.1986) (granting debtor's unopposed motion to dismiss in interests of judicial economy); *In re Richards*, 4 B.R. 85, 85 (Bankr.M.D.Fla. 1980) (granting debtor's unopposed motion to dismiss where debtor waived discharge of pre-petition debts); *see Penick v. Tice*, 732 F.2d 1211 (4th Cir.1984) (chapter 7 trustee's objection to debtor's motion for voluntary dismissal one factor for court to consider in exercising its discretion on whether to grant dismissal). In deciding whether to exercise its discretion and grant a Chapter 7 debtor's motion to dismiss the debtor's case, the court's primary consideration is whether dismissal is in the best interest of the creditors and also if those interests will be protected outside bankruptcy. *See Spatz*, 221 B.R. at 994; *Schwartz*, 58 B.R. at 925.

In this case, there was initially a notice to creditors that it was a no asset case. There is nothing in the record indicating that the creditors have yet received notice that there now may be a distribution based on this Court's earlier decision denying some of the Debtors' claimed exemptions. In light of the absence of notice, the Court is not surprised that none of the Debtors' creditors objected to the Debtors' motion seeking dismissal. When the Debtors' motion is viewed against the backdrop of the recent developments in the Debtors' case, and in conjunction with the Debtors' admitted intention to refile in Chapter 7 to take advantage of increased state law exemptions, the Court cannot conclude that dismissal is in the best interests of the creditors in this case. This would have the result of totally defeating creditors that at this point stand in a position to collect at least a dividend in this case. The Court cannot accept such a result and will not read "cause" under § 707(a) as permitting it, at least without the informed consent of the creditors in the case.

Based on the record here, I find that the Debtors have not demonstrated "cause" that warrants dismissal of their Chapter 7 case, and therefore their motion is DE-NIED without prejudice. If the Debtors are able to obtain the informed consent of all creditors, the Debtors may file a new motion for the Court's consideration. It is further ORDERED that the Debtors may, after notice to the Trustee, without any further permission, take such actions in defense of the default state court judgment held by Ryan Moore as they deem appropriate.