**In the matter of Betty S. AUPPERLE, Debtor.**

No. 04–43653/JHW.

United States Bankruptcy Court, D. New Jersey.

March 3, 2005.

David A. Thatcher, Esq., Thatcher, Lonabaugh, Thatcher & Passarella, Runnemede, NJ, Attorney for the Debtor.

Steven R. Neuner, Esq., Neuner & Ventura LLP, Marlton, NJ, Attorney for Chapter 7 Trustee.

### OPINION ON DEBTOR'S MOTION TO VOLUNTARILY DISMISS HER CHAPTER 7 CASE.

JUDITH H. WIZMUR, Bankruptcy Judge.

The debtor herein sought to voluntarily dismiss her Chapter 7 petition for cause. The Chapter 7 trustee objected to the proposed dismissal, claiming that the dismissal would prejudice creditors of the debtor's estate. I granted the debtor's request to dismiss her case, subject to payment of administrative expenses. I also granted the trustee's request for a stay pending appeal. The opinion below amplifies my reasons for granting the debtor's motion to dismiss.

### FACTS

Betty S. Aupperle filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 21, 2004. She listed her principal asset and personal residence as 509 Rowand Avenue, Glendora, New Jersey with a current market value of $61,000.00 and a secured claim in the amount of $43,117.86.[1] The debtor scheduled $31,482.01 in unsecured claims, and indicated in Schedule I and J that she had monthly income in the amount of $927.26 with $1,790.80 in monthly expenses. This is her first bankruptcy petition.

Steven R. Neuner was appointed the Chapter 7 trustee. On November 29, 2004, the trustee scheduled a 341(a) meeting of creditors. Following his examination of the debtor, the trustee requested additional documents to explore the possibility of equity in the debtor's residence. The meeting was adjourned to December 20, 2004 and then again to January 24, 2005. The debtor did not provide the requested documents or appear at the January meeting, indicating instead that she would be moving to voluntarily dismiss her case.

On January 27, 2005, the debtor formally moved to voluntarily dismiss her Chapter 7 case. The debtor explained that her adult son had moved in with her and that he is now gainfully employed as a mortgage broker. He plans to contribute to her support, and plans to assist her to pay her debts. The debtor believes that her creditors will not be adversely prejudiced by the dismissal because the creditors will be returned to the position that they held before the bankruptcy filing. Prior to the filing, no judgments had been entered against her, no suits were pending, and none of her creditors had taken any action to collect their debts against her. She asks that she now be allowed to "satisfy her creditors outside of bankruptcy."

The trustee believes that there may be non-exempt equity in the debtor's home for the benefit of creditors, which must be redeemed by the debtor. In the alterna-

---

1. On January 31, 2005, Commerce Bank filed a secured claim in the amount of $40,745.67.

tive, the trustee believes that the house must be sold.[2]

Following the 341 meeting, the trustee requested that a realtor inspect the property. The realtor opined that the property is worth "about $95,000 or possibly a bit more." Trustee's Opposition to Debtor's Motion at 2. Assuming a homestead exemption in the amount of $19,425.00, the trustee provided a liquidation analysis suggesting that at least $16,221.25 would be available for creditors after costs of sale and the trustee's commission.

The Chapter 7 trustee opposes the dismissal of the debtor's case and believes that granting the debtor's motion to dismiss would prejudice the debtor's creditors. The trustee states that he is "sympathetic to the Debtor's plight, [but] the fact is that she is in no position to be able to 'voluntarily repay creditors.'" The trustee highlights the fact that the debtor's monthly expenses exceed her monthly income by over $860, and recites the debtor's acknowledgment that she has been accustomed to receiving assistance in the amount of $400 to $500 a month from her children. This additional source of income was not mentioned on the debtor's Schedule I. The trustee argues that the creditors have a right to expect payment through the bankruptcy process. He contends that there is little prospect that the creditors will be paid anything outside of bankruptcy. He points out that the debtor has already benefitted from the automatic stay for the last three months. He believes that the debtor's ability to handle her own

creditors outside of bankruptcy is too speculative to allow the case to be dismissed.[3]

## DISCUSSION

 The bankruptcy court has discretion to dismiss a debtor's Chapter 7 case for cause, after notice and a hearing. Section 707 of the Bankruptcy Code provides that:

> The court may dismiss a case under this chapter only after notice and a hearing and only for cause, including—
>
> (1) unreasonable delay by the debtor that is prejudicial to creditors;
>
> (2) nonpayment of any fees and charges required under chapter 123 of title 28; and
>
> (3) failure of the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521, but only on a motion by the United States trustee.

11 U.S.C. § 707(a). Unlike a Chapter 13 debtor, a Chapter 7 debtor has no absolute right to voluntarily dismiss her Chapter 7 case. See 11 U.S.C. § 1307(b). To have her case dismissed by the court, the debtor must first establish "cause". "Cause" is not defined under the Code. The three examples given in the statute are not exclusive, but are merely illustrative of the kinds of matters that constitute cause. See In re Padilla, 222 F.3d 1184, 1191 (9th Cir.2000); In re Simmons, 200 F.3d 738, 743 (11th Cir.2000); In re Bilzerian, 276 B.R. 285, 286 (M.D.Fla.2002), aff'd, 82 Fed.

---

2. Of course, a third option is available to the debtor, i.e., to convert the case to Chapter 13, and pay the amount of equity in the house to unsecured creditors over three to five years. No such conversion has been sought by the debtor here.

3. The trustee also refers to other real property that the debtor sold in May of 2003, the proceeds from which the debtor was able to repay some family loans, to pay her son's rent, and to support herself. The trustee questions the debtor's decisions on how to best handle her debts.

Appx. 213 (11th Cir.2003); *In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000).

▪▪▪ To determine whether to grant a debtor's motion to dismiss, courts generally consider:

(1) whether all of the creditors have consented;

(2) whether the debtor is acting in good faith;

(3) whether dismissal would result in a prejudicial delay in payment;

(4) whether dismissal would result in a reordering of priorities;

(5) whether there is another proceeding through which the payment of claims can be handled; and

(6) whether an objection to discharge, an objection to exemptions, or a preference claim in pending.

*In re Turpen,* 244 B.R. 431, 434 (8th Cir. BAP 2000). *But see In re Geller,* 74 B.R. 685, 689 (Bankr.E.D.Pa.1987) (voluntary request for dismissal should be granted in all but extraordinary situations). In its simplest terms, the test turns on whether or not the dismissal is in the best interests of the debtor and the creditors of the estate, *In re McCullough,* 229 B.R. 374, 376 (Bankr.E.D.Va.1999), with particular emphasis on whether the dismissal would be prejudicial to creditors. *In re Stephenson,* 262 B.R. 871, 874 (Bankr.W.D.Okla. 2001).

▪▪▪ In this case, none of the debtor's creditors have responded to her motion to voluntarily dismiss her case. Only the Chapter 7 trustee has objected to the dismissal. *See In re Watkins,* 229 B.R. 907, 908 (Bankr.N.D.Ill.1999) (trustee has standing to object absent "affirmative consent to dismissal by all creditors"). We

have no reason to believe, and the trustee has not asserted, that the debtor's request constitutes bad faith. There is no other proceeding pending that the court is aware of, and no objections to discharge have been filed or adversary actions commenced. There is no evidence that there would be a reordering of priorities occasioned by the dismissal of the debtor's action.

The cause asserted by the debtor for seeking to dismiss her case is the fear of losing her home. She filed for bankruptcy relief on the basis of a mistaken belief that her house would be completely exempt. She does not indicate that she is otherwise solvent but she contends that she has the ability to pay her creditors outside of bankruptcy, with the assistance of her son. She has moved to dismiss promptly.

Notwithstanding the contention of the trustee otherwise, there is insufficient basis in this record to conclude that creditors will be prejudiced by the dismissal. As noted above, no active collection efforts against the debtor had been undertaken by any of the creditors prior to filing. The trustee opines that if he is successful in selling the debtor's home for $95,000 (an assumption based on the assessment of a realtor, not an appraiser), the creditors will receive a distribution of about $16,000, or about a 50% dividend. The trustee fails to note that if the case is dismissed and each creditor obtains a judgment against the debtor, which becomes a lien against her home, each creditor may be satisfied in full from a sale of the home outside of the bankruptcy process.[4] The difference is that the debtor would not receive the exemptions she would be entitled to in bank-

---

4.

| $95,000 | Sale price |
| − 9,500 | Costs of sale |
| −40,745 | Mortgage |

| $44,755 | Net proceeds |

| $31,482.01 | Creditor body listed in debtor's petition |

ruptcy, and the trustee would not receive a commission on the sale.

The cases cited by the trustee are readily distinguishable. For instance, in *In re Turpen*, 244 B.R. at 435, prejudice to creditors was found where there was a considerable passage of time since the filing of the petition (over two years) and where there were indications of fraud or dishonesty that would likely continue if the case were dismissed. In *In re Stephenson*, 262 B.R. 871 (Bankr.W.D.Okla.2001), the court was concerned about the debtor's opportunity to dissipate tax refunds which could be applied to a distribution to creditors. And in *In re Spatz*, 221 B.R. 992, 994 (Bankr.M.D.Fla.1998), the court denied the debtor's quest for voluntarily dismissal in light of his multiple bankruptcy filings and where there was evidence of the debtor's attempts to hide property.

Many bankruptcy courts have also cited to the legislative history of § 707(a), in particular to the House and Senate reports, to caution that a debtor's claim that he can repay his debts outside of bankruptcy does not constitute cause for dismissal. The excerpt taken from the legislative history is often cited only in part. The entire section provides as follows:

> This section authorizes the court to dismiss a liquidation case only for cause, such as unreasonable delay by the debtor that is prejudicial to creditors or nonpayment of any fees and charges required under chapter 123 of title 28. These causes are not exhaustive, but merely illustrative. The section does not contemplate, however, that the ability of the debtor to repay his debts in

> whole or in part constitutes adequate cause for dismissal. To permit dismissal on that ground would be to enact a non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 380 (1977); S.Rep. No. 95–989, 95th Cong., 2d Sess. 94 (1978), U.S.Code Cong. & Admin.News 1977, pp. 5963, 5787.

Most courts interpret the latter part of the excerpt, that "[t]he section does not contemplate ... that the ability of the debtor to repay his debts in whole or in part constitutes adequate cause for dismissal," as applicable to a debtor's motion to voluntarily dismiss the case. *See, e.g., In re Stephenson*, 262 B.R. at 875; *In re Turpen*, 244 B.R. at 434; *In re Foster*, 316 B.R. 718, 721 (Bankr.W.D.Mo.2004); *In re Hopkins*, 261 B.R. 822, 823 (Bankr.E.D.Pa. 2001); *In re Spatz*, 221 B.R. at 994. However, I submit that these courts misinterpret the cited language. In fact, the entire excerpt refers to circumstances justifying cause for involuntary dismissal sought by a party other than the debtor. The last sentence of the excerpt, expressing concern about permitting dismissal if the debtor is able to repay debts, thereby creating a "non-uniform mandatory chapter 13, in lieu of the remedy of bankruptcy," makes sense only if it refers to an involuntary dismissal. A distinction may be drawn between a creditor or trustee who may not seek dismissal of a debtor's Chapter 7 case under § 707(a) on the ground that the debtor is able to repay her debts in whole or in part,[5] and a debtor who seeks dismissal under § 707(a) on the ground that she will be able to resolve her debts outside the bankruptcy process.

---

5. But see 11 U.S.C. § 707(b) which permits only the court or the United States Trustee to move to dismiss an individual debtor's Chapter 7 case for substantial abuse, a concept commonly interpreted to mean having sufficient income to repay part or all of the consumer debt in a Chapter 13 case. *See, e.g., In re Behlke*, 358 F.3d 429, 435 (6th Cir.2004); *In re Lamanna*, 153 F.3d 1, 4 (1st Cir.1998); *In re Koch*, 109 F.3d 1285, 1288 (8th Cir. 1997).

On this record, I conclude that the debtor has shown sufficient cause to warrant dismissal under § 707(a). This is the debtor's first bankruptcy filing. There were no prepetition collections efforts. The debtor was unaware that she might lose her residence through the Chapter 7 bankruptcy filing. She has an additional source of income available to her to assist her with her debts. The debtor's bankruptcy filing has had only nominal impact on her prepetition creditors. In the absence of prejudice to creditors and in light of the debtor's circumstances, debtor's motion to voluntarily dismiss her Chapter 7 case is granted.

An order will be entered granting the debtor's request to voluntarily dismiss her case, subject to payment of administrative expenses, and allowing the trustee a stay pending appeal. The trustee shall submit a form of order.