**In re Terri L. STEFFEN, Debtor.**

**No. 8:01–bk–9988–ALP.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

April 1, 2010.

David E. Hammer, David E. Hammer PA, Lutz, FL, Edward J. Peterson, III, Harley E. Riedel, Stichter, Riedel, Blain & Prosser, PA, Herbert R. Donica, Donica Law Firm PA, Paul DeCailly, DeCailly PLC, Tampa, FL, for Debtor.

Douglas N. Menchise, Clearwater, FL, Trustee.

Hugo S. de Beaubien, Seth P. Traub, Steven M. Berman, Shumaker, Loop & Kendrick LLP, Tampa, FL, for Trustee.

Theresa M. Boatner, Office of the United States Trustee, Tampa, FL, for U.S. Trustee.

## ORDER ON DEBTOR'S RENEWED VERIFIED MOTION TO DISMISS CASE

ALEXANDER L. PASKAY, Bankruptcy Judge.

**THIS CASE** came before the Court for hearing to consider the Renewed Verified Motion to Dismiss Case filed by the Debtor, Terri L. Steffen. (Doc. 1039).

In the Renewed Motion, the Debtor seeks dismissal of this Chapter 7 case for "cause" pursuant to § 707(a) of the Bankruptcy Code. Based on the totality of the circumstances, the Court finds that the Renewed Motion should be granted, subject to the conditions set forth in this Order, because the fundamental purposes of Chapter 7 will not be served by continuing this case.

### Background

The Debtor, Terri L. Steffen, filed a Petition under Chapter 11 of the Bankruptcy Code on May 29, 2001.

The Debtor is the wife of Paul A. Bilzerian. At the "time that the Debtor's Chapter 11 case was filed, certain proceedings were pending in the District of Columbia involving Bilzerian and other entities known as Overseas Holding Company and Overseas Holding Ltd. Partnership". The Debtor was the president of Overseas Holding Company. (Doc. 10).

The Debtor contends that she initially filed the Chapter 11 Petition in response to certain actions taken in the District of Columbia proceedings. (Doc. 1039, p. 1). In any event, the bankruptcy case remained pending in this Court as a Chapter 11 case for more than six years.

On November 30, 2007, Ernest B. Haire, III filed a Motion to Dismiss the Chapter 11 Case, or in the Alternative, to Convert the Case to a Chapter 7. In the Motion, Haire asserted that there was "no viable exit strategy or effort to confirm the debtor's plan," and that the Chapter 11 case served no useful purpose. (Doc. 464).

The Motion was granted on December 19, 2007, and the Debtor's Chapter 11 case was converted to a case under Chapter 7. (Docs.468, 469, 470).

Douglas N. Menchise was appointed as the Chapter 7 Trustee in the converted case. (Doc. 470). The Court also approved Menchise's employment as attorney for the Chapter 7 Trustee. (Doc. 475).

On November 24, 2008, Menchise filed an Application to Employ Steven M. Berman, Esquire, as special litigation counsel for the Trustee. (Doc. 684). On December 12, 2008, the Court entered an Order approving the Application, and Berman was authorized to represent the Trustee in all adversary proceedings and contested matters related to the case. (Doc. 715).

On December 1, 2008, the Debtor filed a Motion to Dismiss the Chapter 7 Case or, alternatively, to reconvert the case to a case under Chapter 11. (Doc. 694).

On December 19, 2008, the Court entered an order denying the Debtor's Motion to dismiss or reconvert the case. (Doc. 727).

On December 22, 2008, the Debtor appealed the Order denying her Motion to Dismiss the Chapter 7 Case. (Doc. 731).

On October 20, 2009, the Debtor filed a Renewed Verified Motion to Dismiss Case. (Doc. 1039). In the Motion, the Debtor asserts that the case should be dismissed for "cause" pursuant to § 707(a) of the Bankruptcy Code, because it serves no purpose and does not benefit any party in interest.

On November 24, 2009, the Court entered an Order denying the Debtor's Renewed Motion to Dismiss the case, because the Order denying the Debtor's original

Motion to Dismiss remained pending on appeal. Since the two Motions presented the same issues, the Court determined that it lacked the power to act on the Renewed Motion. (Doc. 1067).

The Debtor subsequently filed a Motion in the United States District Court, and asked that Court to remand the case to this Court for consideration of the merits of her Renewed Motion to Dismiss.

On December 18, 2009, the United States District Court entered an Order remanding the case to this Court for determination of the Debtor's Renewed Motion to Dismiss. (Doc. 1078).

Based on the Order entered by the District Court, this Court scheduled a hearing to consider the Debtor's Renewed Verified Motion to Dismiss Case. (Doc. 1039). After considering the record and the representations made at that hearing, the Court finds that the Debtor's Chapter 7 case should be dismissed upon the conditions set forth in this Order.

### Discussion

The Debtor asserts that this Chapter 7 case should be dismissed for "cause" pursuant to § 707(a) of the Bankruptcy Code.

■ Section 707(a) provides that the Court may dismiss a Chapter 7 case "only after notice and a hearing and only for cause." 11 U.S.C. § 707(a). Although the statute sets forth three grounds for dismissal under § 707(a), it is widely accepted that the "three examples given in the statute are not exclusive, but are merely illustrative of the kinds of matters that constitute cause." *In re Aupperle,* 352 B.R. 43, 45 (Bankr.D.N.J.2005).

■ Generally, courts should consider all of the facts and circumstances of the particular case to determine whether "cause" for dismissal exists within the meaning of § 707(a). *In re Bilzerian,* 276 B.R. 285, 293 (M.D.Fla.2002)(adopting *In re Bilzerian,* 258 B.R. 850 (Bankr.M.D.Fla. 2001)) (citing *In re Huckfeldt,* 39 F.3d 829 (8th Cir.1994)). "Courts apply a totality of the circumstances approach to determine whether to dismiss a case under § 707(a)." *In re Parker,* 2009 WL 249884, at *2 (Bankr.E.D.N.C.).

■ Under this approach, Courts may consider the purposes of Chapter 7 to "provide an honest debtor with a fresh start in exchange for the debtor's handing over to a trustee all of the debtor's non-exempt assets for liquidation for the benefit of the debtor's creditors." *In re Bilzerian,* 276 B.R. at 294 (citing *In re Huckfeldt,* 39 F.3d at 831). If continuing the Chapter 7 case will not promote these fundamental purposes, the case may be dismissed for "cause."

■ In this case, the Court finds that continuing the case will not advance the Chapter 7 purposes of (1) providing the Debtor with a fresh start, or (2) liquidating the Debtor's non-exempt assets, (3) for the benefit of the Debtor's unsecured creditors.

### A. Providing the debtor with a fresh start

Three separate adversary proceedings have been filed to deny the Debtor's discharge pursuant to § 727 of the Bankruptcy Code:

    1. Adv. Pro. 08–139, filed by the United States of America on March 18, 2008.

    2. Adv. Pro. 08–389, filed by Douglas N. Menchise, as Trustee, on August 18, 2008.

    3. Adv. Pro. 08–416, filed by Ernest B. Haire, III on September 2, 2008.

On November 25, 2008, the Court entered an Order consolidating the proceedings for trial. (Adv.Pro.08–416, Doc. 8). No judg-

ment or dispositive order has been entered in the proceedings, and they remain pending as disputed actions.

Furthermore, the Renewed Motion to Dismiss at issue in this case was filed by the Debtor, and not by a creditor or other party in interest. By filing the Motion, the Debtor essentially represented that she is prepared to relinquish her discharge in exchange for dismissal of the case. In the Renewed Motion, for example, the Debtor stated that she was willing to forgo her discharge, rather than defend against the § 727 actions, on the condition that all litigation in this case is terminated. (Doc. 1039, p. 3).

In view of the ongoing litigation under § 727, and the Debtor's willingness to surrender her discharge, the Court finds that the purpose of Chapter 7 to provide the Debtor with a fresh start is not promoted by continuing this case.

### B. Liquidation of the Debtor's non-exempt assets

On March 16, 2010, the Chapter 7 Trustee filed his Report of the Estate. (Doc. 1106).

According to the Report, the "current balance on hand" in the estate is $199,731.22. The largest part of the current balance was obtained from the Trustee's garnishment of a bank account of Overseas Holding Ltd. Partnership. The Report also indicates that the total balance in the estate is "subject to $50,000.00 due Haire per Motion to Compromise."

Additionally, the Report identifies four assets of the estate that are "left to be administered." The four assets consist of:

1. *16634 Sedona de Avila.* The Debtor contends that the Sedona property is her current residence. (Transcript, p. 59). The Sedona property is not encumbered by any mortgages, and is worth approximately $500,000.00. (Transcript, pp. 39, 55).

The Sedona property was purchased with the proceeds from the sale of separate property located at 16229 Villareal de Avila in Tampa, Florida. The Debtor had claimed the Villareal property as exempt on her schedules filed in the bankruptcy case. (Doc. 28).

On April 25, 2008, the Court entered an Order determining that the Debtor could not claim the Villareal property as exempt homestead, and that the proceeds of the sale, including the Sedona property, were therefore property of the Debtor's Chapter 7 estate. (Doc. 535).

On May 19, 2008, the Debtor appealed the Order disallowing the claim of exemption. (Doc. 551). It appears that the issue is now pending before the Eleventh Circuit Court of Appeals. Although the Chapter 7 Trustee has attempted to sell the Sedona property, it further appears that the sale has been stayed pending resolution of the exemption issue by the Eleventh Circuit. (Transcript, pp. 12, 38).

2. *Personal property listed on schedules.* The scheduled value of the assets, which includes a bank account, cash, and a boat, is $87,650.00. On September 11, 2008, the Trustee filed a Motion for Turnover of the assets, to the extent that they exceeded the Debtor's allowable personal property exemption. (Doc. 608). On October 17, 2008, the Court entered an Order granting the Trustee's Motion. (Doc. 649). According to the Trustee's Report, the assets have not been turned over in accordance with the Order.

3. *Cause of action against DAER Holdings, LLC.* The cause of action against DAER is the subject of Adversary Proceeding 09–93.

The Trustee commenced Adv. Pro. 09–93 against DAER and other defendants on February 23, 2009. In the proceeding, the Trustee seeks a declaration that the Villarreal property is property of the Debtor's estate.

DAER is the current owner of the Villareal property. DAER purchased the property on December 27, 2006, pursuant to a Final Sale Order entered on December 15, 2006, in the Chapter 11 case of the Guerrini Family Limited Partnership. (Case No. 06–5383, Doc. 225). In the Final Sale Order, the Court authorized the Guerrini Family Limited Partnership to sell the Villareal property to DAER, and specifically found that DAER was a good faith purchaser of the property.

In Adv. Pro. 09–93, DAER moved to dismiss the Trustee's Complaint, in large part on the basis that the requested relief would have the effect of invalidating prior Court Orders, including the Final Sale Order entered by the Bankruptcy Court. (Adv.Pro.09–93, Doc. 33). After a hearing on the Motion, the Court dismissed five of the Trustee's Counts against DAER. (Adv.Pro.09–93, Doc. 44).

Adv. Pro. 09–93 remains pending before the Court. On October 30, 2009, DAER filed a Motion for Summary Judgment in the proceeding. (Adv.09–93, Doc. 102).

4. *Cause of action to recover postpetition transfers.* This cause of action is the subject of Adversary Proceeding 08–650.

The Trustee commenced Adv. Pro. 08–650 against seventeen named defendants on December 24, 2008. Generally, the Trustee asserts that Overseas Holdings Limited Partnership (OHLP) was the alter ego of the Debtor, and that OHLP made certain transfers to the defendants while the Debtor's Chapter 11 case was pending. The Trustee seeks to avoid the postpetition transfers pursuant to § 549 of the Bankruptcy Code.

In many instances, the defendants were professionals who had received the transfers following the entry of orders approving the reasonableness of their fees. (Adv.Pro.08–650, Doc. 1, p. 10). A number of the defendants have been dismissed from the proceeding. Adv. Pro. 08–650 otherwise remains pending before the Court.

In summary, the assets "left to be administered" by the Trustee are essentially causes of action that may require years of litigation before the estate's interest is finally determined. Additionally, with respect to the proceeding to recover the Villareal property from DAER, the Court has already dismissed the count in which the Trustee sought the immediate turnover of the property to the Debtor's bankruptcy estate. (Adv.Pro.09–93, Doc. 44).

In view of the contingent nature and status of the property "left to be administered," the Court finds that continuing this case would not promote the Chapter 7 purpose of liquidating the Debtor's nonexempt assets. See *In re Original IFPC Shareholders, Inc.,* 317 B.R. 738, 753 (Bankr.N.D.Ill.2004)(dismissal was appropriate where the administration of the estate would be delayed indefinitely by a Chapter 7 Trustee's litigation of the Debtor's only potential asset, possibly for many years.).

### C. For the benefit of the Debtor's creditors

Finally, continuation of this case would not advance the Chapter 7 purpose of providing a benefit to the Debtor's creditors.

Pursuant to the Notice of Conversion to Chapter 7, the bar date for filing proofs of claim in this case was April 22, 2008. (Doc. 470). Eight claims were timely filed.

1. *Claim Number 1* of Avila Property Owners Association. Claim Number 1 was disallowed in its entirety on February 5, 2010. (Doc. 1100).

2. *Claim Number 2* of Nuccio Heating & Air. Claim Number 2 was disallowed in its entirety on February 5, 2010. (Doc. 1101).

3. *Claim Number 3* and Claim Number 6 of the Internal Revenue Service. Claim Number 3 was disallowed as superceded by Claim Number 6. (Doc. 1098).

At the hearing on the Debtor's Renewed Motion to Dismiss, the IRS asserted that it would be prejudiced by dismissal of this case, unless final orders were first entered that determined the allowed amount of Claim Number 6, and that denied the Debtor's claim of offset. (Transcript, pp. 17, 63).

On February 5, 2010, after the hearing, the Court entered an Order allowing the IRS's Claim Number 6–2, which "supercedes and replaces all prior proofs of claim filed by the IRS." (Doc. 1098). Pursuant to the Order, the allowed amounts of Claim Number 6–2 are $246,720.14 (1986), $209,447.35 (1991), $1,813,760.20 (1–992), and $97,238.81 (1993).

On February 5, 2010, the Court also entered an Order on Debtor's Motion to Determine Secured Status. (Doc. 1099). In the Order, the Court found that "the amount of any refund subject to setoff against the IRS's allowed claim is zero, and that the IRS does not possess a secured claim in this case for the reasons set forth in Order on Debtor's Section 1341 Claim."

No Motion for Rehearing or Notice of Appeal of the February Orders was filed within the time permitted by the Federal Rules of Bankruptcy Procedure, and it appears that the Orders are final Orders of this Court.

4. *Claim Number 4* of Larry Phillips. Claim Number 4 was filed in the amount of $50,000.00, and no order has been entered either allowing or disallowing the Claim.

In the Renewed Verified Motion to Dismiss Case, however, the Debtor asserts that Phillips consents to dismissal of the Chapter 7 case. (Doc. 1039, p. 11).

5. *Claim Number 5* of Deborah Meshulam, as Receiver. Claim Number 5 was withdrawn on January 21, 2010. (Doc. 1094).

6. *Claim Number 7* of Ernest B. Haire, III. At the hearing on the Renewed Motion to Dismiss, Haire withdrew his objection to dismissal of this case, and affirmatively stated his belief that the case should be dismissed. (Transcript, pp. 66–67).

On January 19, 2010, after the hearing, the Court entered an Order disallowing Haire's Claim Number 7. (Doc. 1090). Haire subsequently filed a Motion for Reconsideration of the Order disallowing the claim. (Doc. 1097).

In the Motion for Reconsideration, Haire contends that he had reached a compromise with the Chapter 7 Trustee that provided for the Trustee to distribute the sum of $50,000.00 to him upon the occurrence of a condition precedent. Haire asserts that the condition precedent has now been satisfied, and that an Order should be entered which approves the compromise and directs the Trustee to pay him the compromise amount.

7. *Claim Number 8* of Akerman Senterfitt. Claim Number 8, as amended, was filed in the amount of $272,567.97. On November 5, 2009, Akerman Senterfitt

filed an Application for Administrative Expense in the identical amount of $272,567.97. (Doc. 1047). Ruling on the Application has been deferred pending closing of the case. (Doc. 1064).

Of the eight proofs of claim filed in this case, therefore, four have been disallowed, withdrawn, or superceded (Claim Numbers 1, 2, 3, and 5).

With respect to the four remaining claims, the holder of Claim Number 5 (Phillips) consents to dismissal of this case, the holder of Claim Number 6 (the IRS) has obtained a final order determining the amount of the Debtor's prepetition tax liabilities, as requested, the holder of Claim Number 7 (Haire) had reached a compromise with the Chapter 7 Trustee and consented to dismissal of the case, and the holder of Claim Number 8 (Akerman Senterfitt) has asserted a duplicate claim as an application for payment of an administrative expense.

■ Section 704(a)(1) of the Bankruptcy Code provides that a Chapter 7 Trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interest of parties in interest." 11 U.S.C. § 704(a)(1). It is generally recognized that a Chapter 7 Trustee's duty under this section is to "enhance the debtor's estate for the benefit of unsecured creditors." *In re Kent*, 411 B.R. 743, 751 (Bankr.M.D.Fla.2009)(quoting *In re Tobin*, 202 B.R. 339, 340 (Bankr.D.R.I.1996)). The primary role of a Chapter 7 Trustee is to liquidate property for the benefit of unsecured creditors. *In re Rambo*, 297 B.R. 418, 433 (Bankr.E.D.Pa.2003) (quoted in *In re NETtel Corp., Inc.*, 364 B.R. 433, 442 (Bankr.D.D.C.2006)).

Under the circumstances of this case, however, the Trustee's duty to general unsecured creditors is virtually nonexistent. As shown above, there are essentially no general unsecured creditors who are relying on the Chapter 7 Trustee for protection of their interests.

Further, even if such general unsecured creditors did exist, it is unlikely that they would receive any distribution in this case because of the substantial administrative claims that have been asserted. The administrative expense claims include the following:

1. The Application of Maney, Damsker, Jones & Kuhlman, P.A., as special counsel for the Debtor, allowed in the amount of $78,894.26. (Doc. 425).

2. The Application of Stichter, Riedel, Blain & Prosser, P.A., as counsel for the Debtor, in the amount of $347,295.72. (Doc. 529).

3. The Application of Akerman Senterfitt in the amount of $272,567.97. (Doc. 1047).

4. The Application of Douglas N. Menchise, as Trustee, in the amount of $160,285.63. (Doc. 1086).

5. The Applications of Steven M. Berman, as special counsel for the Trustee, in the total amount of $460,946.14. (Doc. 1089).

Based on these Applications, the total amount of the administrative expenses in this case presently exceeds the sum of $1,319,989.72. The amount will increase, of course, if the estate's litigation proceeds in this Court and at the appellate level.

As indicated above, the current balance contained in the estate is $199,731.22, and $50,000.00 of that amount is "subject to" the compromise with Haire. Consequently, the administrative expenses currently on record exceed the funds in the estate by more than $1,100,000.00. Further, the recovery of any additional amounts for the estate is dependent on the prosecution of causes of action that may be litigated into the indefinite future.

Under these circumstances, the Court finds that the continuation of this case

would not promote the Chapter 7 purpose of providing a benefit to the Debtor's creditors.

### Conclusion

In conclusion, this Chapter 7 case should be dismissed pursuant to § 707(a) of the Bankruptcy Code, because the continued administration of the estate will not promote the fundamental purposes of Chapter 7. Specifically, the continuation of this case will not advance the purposes of Chapter 7(1) to provide the debtor with a fresh start, or (2) to liquidate the Debtor's non-exempt assets, (3) for the benefit of the debtor's creditors. *In re Bilzerian,* 276 B.R. at 294.

Because of the extraordinary circumstances surrounding the case, however, the Court also determines that such dismissal should be subject to three conditions. The conditions are necessary in order to effectuate the order of dismissal and to carry out the provisions of title 11. 11 U.S.C. 105(a).

First, the Debtor should be prohibited from re-filing a bankruptcy case in any District of the United States for a period of two (2) years from the date that this case is dismissed. At the hearing on the Renewed Motion to Dismiss, the Debtor indicated that she does not object to the two-year prohibition imposed by this Order. (Transcript, pp. 57–58).

Second, the funds currently held by the Chapter 7 Trustee should be distributed as follows:

1. The sum of $50,000.00 shall be distributed to Ernest B. Haire, III pursuant to the compromise of controversy presented by the Trustee. (Doc. 997).

2. The balance of the funds shall be distributed according to priorities established by § 726 of the Bankruptcy Code.

Within twenty-one (21) days of the date of this Order, the Trustee shall file with the Court a Notice of Proposed Distribution, and serve the Notice on all parties in interest. If no Objection to the proposed distribution is filed within fourteen (14) days of the date of service, the Trustee shall distribute the funds in accordance with the Notice, and file a Certificate of Distribution with the Court.

Third, all of the appeals that arose from this case and that remain pending in the United States District Court, the Eleventh Circuit Court of Appeals, or any other appellate court, shall be dismissed within twenty-one (21) days of this Order. See *Tellewoyan v. Wells Fargo Home Mortgage,* 2006 WL 2331108 (D.N.J.). The Debtor does not oppose the dismissal of the appeals. (Transcript, p. 77). Within fourteen (14) days of the dismissal of all appeals arising from this case, the Debtor shall file a Notice with this Court that no such appeals remain pending.

Upon the filing of the Certificate of Distribution by the Trustee, and the Notice regarding dismissal of all pending appeals by the Debtor, the Court will enter an Order dismissing this Chapter 7 case, and prohibiting the Debtor from re-filing any future bankruptcy Petitions for a period of two (2) years from the date of the Order.

Accordingly:

**IT IS ORDERED** that:

1. The Renewed Verified Motion to Dismiss Case filed by the Debtor, Terri L. Steffen, is granted in accordance with the terms and conditions of this Order.

2. Within twenty-one (21) days of the date of this Order, the Chapter 7 Trustee shall file and serve a Notice of Proposed Distribution. In the Notice, the Trustee will propose to distribute the sum of $50,000.00 to Ernest B. Haire, III, and to distribute the balance of the estate's funds in accordance with the priorities established by § 726 of the Bankruptcy Code. If an Objection to the proposed distribution

is filed within fourteen (14) days from the date that the Notice is served, the Court will schedule a hearing on the Objection. If no Objection is filed, the Trustee will make the distribution in accordance with the Notice and file a Certificate of Distribution with this Court.

3. Within twenty-one (21) days of the date of this Order, all pending appeals that arose from this case shall be dismissed. Within fourteen (14) days after such dismissal, the Debtor shall file a Notice with this Court that no such appeals remain pending.

4. Upon the filing of the Trustee's Certificate of Distribution, and the Debtor's Notice that all pending appeals have been dismissed, the Court will enter an Order dismissing this Chapter 7 case pursuant to § 707(a) of the Bankruptcy Code, with prejudice to the Debtor's right to file any subsequent Bankruptcy Petition for a period of two (2) years from the date of the Order of dismissal.